Weygandt, C. J.
 

 It should be noted first that although Emma Louise Gerhold individually is a party plaintiff in error in this court as she was in the Court of Appeals, nevertheless no claim is made that the trial court was in error in directing a verdict and entering judgment against her as a defendant.
 

 
 *344
 
 The questions of law here presented are procedural in their nature and relate to the defendant solely in her representative capacity as administratrix
 
 de boma non
 
 of the estate of her deceased husband. She contends that the plaintiff’s action is barred by reason of his failure to present his claim first to the executor, the First Central Trust Company, within four months as required under the provisions of Section 10509-112, General Code, and also by reason of the plaintiff’s further failure to make application to the Probate Court for reinstatement of his claim as provided by Section 10509-134, General Code.
 

 Section 10509-112, General Code, reads as follows:
 

 “Creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment. Such executor or administrator shall allow or reject all claims, except contingent claims, within thirty days after their presentation. Any claim presented after the time herein provided shall not prevail as against bona fide purchasers or as against executors and administrators who have acted in good faith, or against a surviving spouse who has made the election to take under the will or at law, and, except as to negotiable instruments maturing subsequent to the expiration of such time, any such late claim shall not prevail as against bona fide distributees.”
 

 Section 10509-134, General Code, contains the following provisions:
 

 “Upon petition filed by a creditor or person deriving title from him, whose claim has not been presented within the time prescribed by law-, the probate court, if after notice to all interested parties and hearing, it is of the opinion that justice and equity so require, and that the petitioner is not chargeable with culpable neglect in failing to present his claim within the time so prescribed, may permit petitioner to file his claim
 
 *345
 
 for allowance, but such allowance shall not affect any payment or distribution made before the filing of such claim, nor shall it prejudice the rights of creditors whose claims.were filed within the time prescribed by law.”
 

 The defendant insists that these requirements are mandatory, and that failure to comply therewith is a complete bar to this action. However, the unusual circumstances. of this case are such that it is unnecessary to discuss the defendant’s views as to the application of these statutes in ordinary cases. It is not disputed that at the time the First Central Trust Company was appointed executor it already had the plaintiff’s note in its possession for collection, and that one payment thereon was made subsequent to the appointment. Furthermore, it is not claimed that the executor ever demanded a voucher or affidavit from the plaintiff as it had the right to do under Section 10509-114, General Code. Another coincidence is that the administratrix
 
 de bonis non
 
 is a co-maker on the note. Who could be expected to have more knowledge of the existence and status of this debt than just this executor with the note in its possession for collection, or the administratrix as one of the co-makers thereon? The manifest and commendable purpose of these and related statutes is to secure an expeditious and efficient administration of estates by promptly providing executors and administrators with necessary information relating to all indebtedness thereof. Can it reasonably be said that under the intent and purpose of these statutes this plaintiff was required to go to the trust company after its appointment as executor and again call its attention to his unpaid note already in its hands for collection? Or, assuming that the trust company were serving in the capacities of executor of the plaintiff’s estate as well as of the Gerhold estate, could it reasonably be contended that the trust com
 
 *346
 
 pany as executor of the one estate would be required to present itself with notice of the claim of the other? There are at least two complete answers to these ques - tions. In the first place the trust company could not unknow in the one capacity a fact already within its knowledge in the other; and secondly the law does not require the performance of a vain act.
 

 It is of course true that although the trust company retained possession of the note during the entire period of its service as executor, the plaintiff had not at that time exercised his option to declare the entire amount of the principal due and payable. However, the statute requires notice of claims “whether due or not due.”
 

 It should be observed further that there is no contention of rejection of the plaintiff’s claim until after the defendant was appointed administratrix. The date of her appointment was November 18, 1933. The claim was formally presented to her on December 7, 1933, and by reason of her failure to allow, dispute or reject it, the plaintiff filed this action on January 20, 1934.
 

 From the foregoing reasoning it is apparent that the judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Stephenson, Williams, Jones, Matthias, Day and Zimm:erm:an, JJ., concur.