In re Estate of Rettig.

[Cite as In re Estate of Rettig, 8 Ohio Misc. 38.]

(No. 22115—Decided August 5, 1964.)

Application for Distribution: Probate Court of Hamilton County.

*Mr. Melvin G. Rueger,* for administratrix.
*Mr. Walter J. Burke* and *Mr. John P. Bok,* for claimants.

Davies, J. This matter came before the court upon the application of Ruth Perry, as administratrix of the estate of Joseph Rettig, deceased, for an order "authorizing distribution" in said estate "so that said estate may be terminated." The applicant was granted letters of administration by the Probate Court of Hamilton County, Ohio, on September 18, 1959. On November 10, 1959, three claims were presented against Joseph Rettig's estate, one by Margaret Shanks, guardian of the estate of Barbara Lee Day, a minor, of Bellevue, Campbell County, Kentucky, for injuries suffered in an automobile collision occurring in Tazewell, Tennessee, on September 6, 1959, a second claim by the estate of Betty Jane Day, deceased, of Campbell County, Kentucky, for the alleged wrongful death of Betty Jane Day in the same automobile collision, and a third

claim by the estate of Virginia Lee Bennett, deceased, also of Campbell County, Kentucky, for the alleged wrongful death of Virginia Lee Bennett in the same automobile collision in Tazewell, Tennessee. All three claims were rejected by Ruth Perry, Administratrix of the estate of Joseph Rettig, deceased, on January 12, 1960. Thereafter, on August 24, 1960, litigation was instituted in the state of Tennessee, Claiborne County, on behalf of the above three claimants against Ruth Perry, administratrix of the estate of Joseph Rettig, deceased.

On November 28, 1961, judgments were rendered against the estate of Joseph Rettig, deceased, in the Circuit Court of Claiborne County, Tennessee, in the sums of $30,000.00 in favor of Barbara Lee Day, $5,000.00 in favor of the estate of Virginia Lee Bennett, and $5,000.00 in favor of the estate of Betty Jane Day.

Section 2117.06, Revised Code, provides generally that all creditors having claims against an estate shall present their claims to the executor or administrator in writing within four months after the date of the appointment of the executor or administrator. The three creditors residing in Kentucky did this in the Joseph Rettig estate.

Section 2117.12, Revised Code, provides generally that when a claim against an estate has been rejected in whole or in part, the claimant must commence an action on the claim within two months after the same becomes due, or be forever barred from maintaining an action thereon. None of the three claimants commenced actions on their rejected claims within two months after the rejection of their claims by the administratrix of the estate of Joseph Rettig, deceased, but waited more than seven months to commence their actions in Tennessee. The three creditors whose claims have been rejected contend that Section 2117.12, Revised Code, has no application to suits on foreign judgments obtained against an estate during the period of administration because to recognize such a statute against valid foreign judgments would nullify completely the integrity of a foreign judgment and violate the Full Faith and Credit Clause found in Article IV, Section 1 of the Constitution of the United States. The claimants also contend that their three judgments are valid, subsisting, and collectible and should be satisfied out of the assets of the estate of Joseph Rettig,

deceased, "before distribution is made to the beneficiaries thereof."

The court, after carefully reviewing the evidence, reading the briefs submitted by counsel, and studying the law applicable to the instant case, disagrees with the arguments presented by the three creditors whose claims were rejected.

In the case of *Colman* v. *Pitzer, Admr.*, 82 Ohio Law Abs. 449, Pitzer, an Ohio resident, was killed as the result of an automobile collision between a car driven by him with another car driven by one Finglass in Pennsylvania. Finglass sued Pitzer's estate in a federal court in Pennsylvania. No claim was filed against Pitzer's estate within the four months after the fiduciary was appointed. The Pitzer estate lawyers averred that under Section 2117.06, Revised Code, claims against decedents' estates should be presented within four months after the appointment of the fiduciary or be forever barred. The Pennsylvania court held that a nonresident motorist coming into Pennsylvania and being involved in a collision may be held liable under the negligence law of Pennsylvania and that "where the plaintiff, a resident of Pennsylvania, was involved in an automobile collision in that state with the intestate, an Ohio resident, the remedy provided by the state of Pennsylvania will not be defeated in a federal court merely because the plaintiff failed to comply with the Ohio law requiring presentation of a claim against the administratrix of the intestate within a certain time." The court, however (p. 451), made the following comment: "It is believed that the defendant here confuses the possible collection of a judgment with the right to bring suit in the first instance. It may very well be that if plaintiff Coleman is successful in this court and a money judgment results, he may be confronted with the Ohio statute in collecting the judgment from the defendant."

Where a claim is presented by a creditor to the personal representative of a decedent for allowance, and such personal representative rejects such claim and the creditor does not within two months thereafter commence his suit for recovery against such personal representative, it was held that he is forever barred from maintaining an action thereon, as provided by Section 10509-133, General Code (now Section 2117.12, Re-

vised Code). *State, ex rel. Fulton, Supt. of Banks,* v. *Bremer, Admx.,* 130 Ohio St. 227.

A judgment in a state court against a person receiving an appointment as a receiver ancillary to an appointment as such by a court of another state, binds only such property in his custody as receiver as is within the state in which the judgment is rendered, the court in which primary administration was had retaining the custody of the remainder. *Reynolds* v. *Stockton,* 140 U. S. 254. The time within which a claim can be proved in a state is fixed by the law of that state. Restatement of the Law, Conflict of Laws, Section 498, p. 604.

The general rule in regard to the application of statutes of limitation is, that all persons, whether under disability or not, are barred by them, unless excepted from their operation by a saving clause. General words of a statute are to receive a general construction, and unless there is found in the statute itself some ground for restraining it, it cannot be restrained. *Favorite* v. *Booher's Admr.,* 17 Ohio St. 548, at p. 555.

In the early case of *M'Elmoyle* v. *Cohen, Admr.,* 13 Peters 312, 38 L. Ed. 177, the Supreme Court of the United States considered a case involving the question whether the statute of limitations of Georgia could be pleaded to an action in that state, founded upon a judgment rendered in the state of South Carolina. The court decided that "there is no constitutional inhibition on the states, nor any clause in the Constitution from which it can be even plausibly inferred that the states may not legislate upon the remedy on suits on the judgments of other states, exclusive of all interference with their merits," and that "a suit in a state of the United States, on a judgment obtained in the courts of another state, must be brought within the period prescribed by the local law, the lex fori, or the suit will be barred."

Since the law of Ohio, Section 2117.12, Revised Code, as it relates to the claims of Barbara Lee Day, a minor, the estate of Betty Jane Day, deceased, and the estate of Virginia Lee Bennett, deceased, specifically provides that said claimants must commence actions on their claims against the estate of Joseph Rettig, deceased, within two months after rejection of their claims or be forever barred from maintaining actions thereon.

and since said claimants did not commence their actions until after said two months limitation, their claims against said estate are forever barred.

Section 2113.53, Revised Code, provides that "when six months have expired after the appointment of an executor or administrator and one month has expired after approval of the inventory required by Section 2115.02, Revised Code, and the surviving spouse has made an election, and when all debts are paid, except debts not due and payable, and claims rejected within two months or in suit, and when provision has been made as prescribed in Section 2117.28, Revised Code, for any debts which are not due and payable, the executor or administrator may provide for the payment of such rejected claims and claims in suit by setting aside enough assets for that purpose, to the satisfaction of and in the manner directed by the Probate Court. Having done so, such executor or administrator may distribute to the legatees entitled thereto under the will, if there is no action pending to set aside the will, or to the distributees entitled thereto by law, in cash or in kind, any part or all of the assets of the estate not set apart as provided in this section and not required for any other purpose. * * *"

Ruth Perry, as administratrix of the estate of Joseph Rettig, deceased, having complied, as shown by the record in the case, with all of the provisions of said Section 2113.53, Revised Code, is authorized to distribute to the distributees entitled thereto by law all the assets of said estate without further liability to the three aforesaid creditors whose claims against said estate are barred.

*Application granted.*