BLANCHARD, D.B.A. A-1 ASPHALT, APPELLEE, *v.* MORGAN, D.B.A. MORGAN MEMORIAL HOME, APPELLANT.

(No. 1279—Decided June 13, 1983.)

*Mr. Gerald B. Graham,* for appellee.
*Mr. Roger F. DiPaolo,* for appellant.

FORD, J. Plaintiff-appellee, Marvin Blanchard, d.b.a. A-1 Asphalt, filed an action against James Morgan, d.b.a. Morgan Memorial Home, on February 6, 1979, in the Portage County Municipal Court. After an answer was filed, but before the trial was called, Morgan died on August 9, 1979. Trial of the matter was held on October 24, 1979. Mary Morgan appeared at trial, was substituted as a party-defendant for her deceased husband, and testified as a witness.

On November 14, 1979, the municipal court found for the plaintiff on his complaint in the sum of $8,860 and for the defendant on her counterclaim in the amount of $1,223. Judgment was entered by the court for the plaintiff for $7,637 against defendant on the same date. A *nunc pro tunc* entry was entered by the municipal court on February 26, 1980, indicating that the judgment of November 14, 1979 was only against the estate, and reflecting that the previous substitution

of Mary A. Morgan as a party-defendant was limited to that in her representative capacity. That judgment was not appealed.

On February 28, 1980, plaintiff presented a written claim on the judgment to the defendant, which was rejected on the ground that it was submitted more than three months after the time prescribed by law under R.C. 2117.06, 2117.07 and 2117.12.

On April 9, 1981, plaintiff filed a motion in aid of execution in the Portage County Probate Court for a debtor's exam and execution of the judgment. Defendant moved to dismiss on the ground that plaintiff had not timely asserted the claim. A hearing was held on the motion on June 8, 1981. On June 17, 1981, the court filed findings of fact and conclusions of law in which it found that plaintiff was a valid creditor of the estate. Although no judgment entry was entered by the court pursuant to such findings, on June 22, 1981 defendant filed a motion for a new trial on the ground of newly discovered evidence, alleging that she had learned that plaintiff had assigned his interest in the judgment to Thomas Asphalt Company several months prior to this hearing, and therefore plaintiff was not the real party in interest. By a judgment entry of July 16, 1981, the probate court amended its findings of fact and conclusions of law to provide that plaintiff was a "judgment creditor." The court held as follows with respect to the estate: "There does not appear to be sufficient assets to pay all of the creditors as listed in the schedule of debts, and no order as to the priority to which debts should be paid has been made by this court." The court took the position that to grant the relief requested by plaintiff might then prejudice other creditors. Thus, the court then denied plaintiff's request for relief and the defendant's motion for a new trial and expressly made no finding as to the real party in interest. That judgment was appealed to this court. On June 1, 1982, this

court dismissed the appeal for lack of a final appealable order.

On June 2, 1982, plaintiff filed a motion requesting defendant to file a schedule of claims pursuant to R.C. 2117.16.

Subsequently, defendant filed an amended schedule of claims which reflected a rejection of plaintiff's judgment from the municipal court. Plaintiff objected to the amended schedule of claims and a hearing was held on July 9, 1982 in the probate court. (No transcript was filed from that hearing.) On July 26, 1982, the court entered judgment, holding that the plaintiff's claim should be allowed, and otherwise approving the amended schedule of claims.

Defendant-appellant presents five assignments of error:

"1. The lower court erred in holding that appellee did not have to present its [sic] claim pursuant to O.R.C. 2117.06.

"2. The lower court erred in holding that appellant could not reject appellee's claim and that failure on the part of said appellee to file an action on the rejected claim within two months does not bar recovery on said claim.

"3. The lower court erred at the hearing held pursuant to O.R.C. 2117.17 in ordering allowance of a claim previously rejected by the administratrix.

"4. The lower court erred by not ruling that appellee was not the real party in interest because of his unqualified assignment of his claim thereby losing any standing he would have had to bring this action.

"5. The lower court erred in holding that the claim of appellee was properly revived against the estate by the proceedings in the Portage County Municipal Court."

The assigned errors are without merit.

Assignments of Error Nos. 1, 2 and 3 raise the issues of whether the claim was properly presented to the administratrix, and whether the court could allow the claim after the administratrix had re-

jected it. These assignments, along with Assignment of Error No. 5, also raise the question of whether the claim was properly revived against the estate.

It would be appropriate to discuss the fifth assignment of error first. The record in this case establishes that James Morgan died on August 9, 1979; that his wife Mary Ann Morgan was appointed administratrix on August 20, 1979; and that Mrs. Morgan was substituted as a party-defendant for James Morgan at the trial conducted in municipal court on October 24, 1979, where she appeared and testified as a witness.

Albeit some of these undertakings and occurrences did not become completely clear until February 26, 1980, it is improbable to conclude that the defendant did not have actual notice of this claim in her representative capacity at that time, or that an effective substitution of her as a party-defendant had nor occurred. The question here was whether a valid revivor (through substitution of parties) had been effectuated. Revivor had previously been governed by R.C. 2311.25. After the adoption of the Civil Rules, Civ. R. 25(A) and (E) established the procedure to effectuate revivor under these circumstances. The former statutes and authority are said to be apposite to present practice.

It is to be remembered that the purpose of a revivor is to reinstate the pending proceedings, when an original party dies before its conclusion, so that the case can continue in the name of the administrator if he is the party to whom the right of action passed. 1 Ohio Jurisprudence 3d 599, Actions, Section 174. Further, with respect to a void in formal certification, 1 Ohio Jurisprudence 3d 597-598, Actions, Section 172, provides:

"Where the court ordered a revival of the action in the name of a personal representative, in the absence of specific denial of such fact, it was unnecessary to present proof of the legal appointment of such representative, as such appointment was deemed to be a matter of public record."

The traditional effect of revival or substitution continues, and thus "* * * the substituted party assumes the prosecution or defense of the action at the point where the original party left it, assuming the burdens as well as receiving the benefits. * * *" 1 Ohio Jurisprudence 3d 603, Actions, Section 175.

Here, the probate court found that James Morgan died on August 9, 1979; that Mary A. Morgan was appointed administratrix on August 20, 1979; and that Mrs. Morgan was substituted as a party-defendant in her representative capacity on the date of the trial in municipal court, which was October 24, 1979. The probate court concluded that this action was revived in municipal court within three months of James Morgan's decease, which was tantamount to compliance with R.C. 2117.06. We wholly agree with the probate court in these conclusions on this record.

Thus, with respect to the defendant's first, second and third assignments of error, a close scrutiny of Ohio authority simply does not support her argument that the claim was not properly presented.

The essential test in determining whether there has been a valid presentation of a claim against an estate is whether the executor possesses sufficient information to accurately describe the possible liability of the estate. *Prudential Ins. Co.* v. *Joyce Building Realty Co.* (1944), 143 Ohio St. 564, 568 [28 O.O. 480]. The claim here was properly revived against the estate in the municipal court action, and the administratrix in defending that action had sufficient notice of the claim and the possible liability to the estate. It cannot be seriously argued that the provisions of R.C. 2117.06, 2117.07 or 2117.12, which are statutes permitting rejection of claims against an estate, can be extended to permit an administratrix to reject a valid judgment which was not appealed. Although conceding that the following quoted observation may not take on the character of literal express

authority for the foregoing observation, it manifests that the core thought process is of some vintage:

"Cases decided before the enactment of the statute in its present form hold that presentation is waived when the administrator joins issue and goes to trial on the validity of the claim without objection. * * *" 22 Ohio Jurisprudence 2d 658, Executors and Administrators, Section 298, citing *Pepper* v. *Sidwell* (1881), 36 Ohio St. 454, as authority.

It is fundamental that the provisions of R.C. Chapter 2117 are intended to enhance the expeditious administration of estates, but they have not been interpreted to be absolute in their thrust, or envisioned to procreate innocuous results. An earlier Ohio case expressly dissected the type of contention advanced by the defendant here that, pursuant to such statutes, an administrator (or executor) shall not be liable to a claim through suit of a creditor unless the claim has been disputed or rejected by him. In *Musser's Exr.* v. *Chase* (1876), 29 Ohio St. 577, while dealing with an early predecessor of R.C. 2117.06, the court unequivocally held, in the fifth paragraph of the syllabus, that the statutory requirements did not apply to a proceeding to revive an action pending at the death of the party, or to such action after revivor. See, also, 1 Ohio Jurisprudence 3d 596-597, Actions, Section 172.

The rationale of the court in *Musser's Exr., supra,* is most pertinent to our inquiry and is aptly stated at page 586:

"* * * It is claimed that the order of revivor against the plaintiff in error was erroneous, for the reason that Section 96 of the act relating to executors and administrators (S. & C. 584) was not complied with. This section provides that an executor or administrator shall not be liable to the suit of a creditor, in certain cases, unless the claim has been exhibited to the executor or administrator and has been disputed or rejected by him.

"This provision does not apply to a proceeding to revive an action pending at the death of the party, or to such action after revivor. * * * But, if it were otherwise, it would be too late to raise the objection for the first time after the appearance of the executor and trial had upon the merits of the claim."

Further review of this subject demonstrates that a succession of similar statutory provisions has not vitiated the holding in *Musser's Exr., supra.* The Supreme Court of Ohio in *Goehring* v. *Dillard* (1945), 145 Ohio St. 41 [30 O.O. 274], had occasion to address this problem and continued the litany expressed in earlier Ohio cases. At page 46 of the opinion the court made this observation of the court of appeals' opinion in the same case:

" 'We are of the opinion, and hold, that, under the circumstances, no presentation to, and rejection by, the administrator of the claim was necessary. The revivor of the action rendered unnecessary a presentation of the claim. That has been the settled law of the state for many years, and we do not find that any recent section of the code changes that rule.'

"We agree with the foregoing statement."

In addition, at page 47, the court stated:

" 'The giving of written notice to an executor or administrator of a motion or application to revive an action pending against the decedent at the date of death shall be equivalent to the presentation of a claim to such executor or administrator, for the purpose of determining the order of payment of any judgment rendered or decree entered in such action.'

"We are of the opinion that this was a recognition by the General Assembly that where an action against a deceased person is properly revived it is not necessary to go through the formality of an independent presentation of the claim to the executor or administrator."

Finally, the first paragraph of the syllabus in *Goehring, supra,* provides:

"Where an action against a deceased defendant has been revived properly it is not necessary for the plaintiff in such revived action to present his claim in writing to the executor or administrator as provided in Section 10509-112, General Code."

The Ohio Supreme Court had occasion to succinctly state the controlling law on these questions in *Miller* v. *Andre* (1957), 167 Ohio St. 83 [4 O.O.2d 52]. The sixth paragraph of the syllabus in *Miller* contains the salient precedent for this case:

"Where an action for money is instituted, and the defendant therein files an answer and thereafter dies, the law does not require a further presentation of the claim to an executor or administrator of the deceased defendant in order to revive such action."

Simply stated, different treatment from that normally prescribed under these "claim" statutes has been accorded by the courts to judgments entered against estates that have flowed from timely and valid revivors. These authorities have negated a double presentation of such claims, as well as the ability of an administrator to subsequently reject or disallow. This proposition is concisely set forth in *Kemper* v. *Apollo Building & Loan Co.* (C.P. 1907), 5 Ohio N.P. (N.S.) 403, at 410:

"In so far as the judgment in that suit is conclusive, it is conclusive as to proper presentment and allowance sufficient to make inapplicable the statute of non-claim which would otherwise have barred the judgment against the administrator. * * *

"* * * *

"* * * [T]he claim * * * had all the effect which a judgment has, and a judgment has no more, except its subsequent disallowance is precluded." See, also, 23 Ohio Jurisprudence 2d 170, Executors and Administrators, Section 607.

This same concept is once again recited by the Ohio Supreme Court in its syllabus in *Fortelka* v. *Meifert* (1964), 176 Ohio St. 476 [27 O.O.2d 439]. Judge Griffith in his opinion, at page 480, explains the logic of this position. In effect, he stated that while it is true that presentation of the claim is mandatory under R.C. 2117.06, the filing of a petition within proper time requirements against the administrator of an estate stating a cause of action against the estate constitutes a valid presentation of the claim. This is so because the statutory provisions do not extend to the doing of a vain act or that which runs " 'contrary to reason and common sense.' " Judge Griffith cites 22 Ohio Jurisprudence 2d 653, Executors and Administrators, Section 293, to this effect. To adopt defendant's logic would lead to redundancy in these situations, and perhaps abrasive contact with the principles of *res judicata*. Since plaintiff's claim was properly revived and reduced to judgment, the argument of defendant that only the administratrix could allow or reject plaintiff's claim after it was reduced to judgment pursuant to R.C. 2117.12 and 2117.17 is irrelevant.

We, therefore, hold that where a claim has been properly revived, within three months after the defendant's death, against the administratrix of the estate in her representative capacity, and results in a decision against the estate, no resubmissions of such claim and judgment are necessary or required under R.C. 2117.06, 2117.07 or 2117.12. Under these circumstances, R.C. 2117.17 has no pertinent application.

In support of her fourth assignment of error, the defendant contends that plaintiff was not the real party in interest because the judgment was assigned by plaintiff. Defendant relies upon the proposition of law holding that plaintiffs who assign a claim before commencement of the action are not the real parties in interest. In the instant case, the municipal court action was filed on February 6, 1979 and judgment was entered on November 14, 1979 and February 26, 1980. The

claim was assigned on August 21, 1980 and the motion in aid of execution was filed in probate court on April 9, 1981. Defendant theorizes that since the claim was assigned before the "commencement of the action" against the estate in aid of execution, the assignee was the real party in interest. However, the law upon which defendant relies refers to the commencement of the action upon the claim and not to any subsequent or collateral actions. The assignment was not made until after judgment was entered on the claim. Ohio law on this question is well-established as the following excerpt from 6 Ohio Jurisprudence 3d 227-228, Assignments, Section 57, and the cases cited therein, indicate:

"Whether the plaintiff's assignment of his interest in a debt, claim, or cause of action sued upon is a ground of defense depends upon whether that assignment was made before or after the commencement of suit. A transfer or assignment by the plaintiff of a claim, or debt, or of his interest in a controversy, or the cause of action, made after commencement of action during the pendency of the action, even though of all his interest therein, is not a defense to such action. In such case the action may be continued in the name of the original party, or the court may allow the party to whom the transfer or assignment is made to be substituted for him. * * *"

Therefore, plaintiff-appellee, as the party who sought and obtained the judgment, remains the real party in interest to enforce it.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK, P.J., concurs.

DAHLING, J., concurs in judgment only.