CARLIN, Exr., Appellee,

v.

MAMBUCA, Ind., Appellant.*

[Cite as *Carlin v. Mambuca* (1994), 96 Ohio App.3d 500.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 65217.

Decided May 23, 1994.

* Reporter's Note: An appeal and cross-appeal to the Supreme Court of Ohio were dismissed in (1995), 71 Ohio St.3d 1441, 643 N.E.2d 1152.

*Rippner, Schwartz & Carlin* and *Sharon L. Akers*, for appellee.

*Porter, Wright, Morris & Arthur, James P. Conroy, Robert E. Bingham, Herbert L. Braveman, Joyce Metti Papandreas,* for appellant.

PRYATEL, Judge.

Defendant Katherine L. Mambuca appeals from the judgment of the probate court which determined that her claim against the Estate of Florence L. Bayer was untimely and therefore barred by R.C. 2117.12. For the reasons set forth below, we reverse and remand for further proceedings.

## I

The record reveals that Florence and Anton Bayer were married in 1944 and divorced in 1947. They then remarried in 1969 and resided in Florida. During the period of their remarriage, the couple acquired a home in Naples, Florida, and then built a home in Port Charlotte, Florida. They also held two accounts with Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") as joint tenants with rights of survivorship. By 1989, however, the couple was experiencing marital difficulties. In April 1989 Anton Bayer initiated divorce proceedings. Also in 1989, Florence Bayer transferred the Merrill Lynch accounts to Cleveland.

Anton Bayer died on January 24, 1990. His daughter Katherine L. Mambuca was appointed personal representative of his estate by the probate division of the Circuit Court for Collier County, Florida. Thereafter, Mambuca filed a complaint for monetary damages against Florence Bayer in Collier County, alleging that she had fraudulently procured a "durable family power of attorney" from Anton Bayer and used that document to "wrongfully and fraudulently" take possession of funds which the two jointly held. (Hereafter, this matter shall be referred to as the "Florida action.")

Florence Bayer submitted an answer in which she denied liability. Thereafter, on December 14, 1991, she died testate, naming her niece Patricia Stefanek as the sole beneficiary of her estate. On December 24, 1991 Florence Bayer's will was admitted to probate by the Cuyahoga County Court of Common Pleas, Probate Division, and plaintiff Angela G. Carlin was appointed executor of Florence Bayer's estate.

The record further indicates that on January 2, 1992, Mambuca filed a motion in the Florida action to substitute Carlin as executor for Florence Bayer. On this same date, Carlin sent a letter to Mambuca, pursuant to R.C. 2117.07, demanding that Mambuca present any claims against the Estate of Florence Bayer within thirty days of her receipt of the letter. In response, Mambuca's attorney sent Carlin a letter asserting a claim against the estate in connection with the allegations of the Florida case.

Carlin refused to allow the claim. While it is undisputed that Mambuca did not file a formal separate action for the damages asserted in the claim letter, it is likewise undisputed that Carlin had notice of the claim, and on February 10, 1992, filed this action for declaratory judgment against Mambuca and Patricia Stefanek. In relevant part, Carlin contends that the disputed assets belong to the Estate of Florence Bayer, notwithstanding Mambuca's assertion of her claim.

On July 21, 1992, the Collier County Court granted Mambuca's motion to substitute Carlin for Florence Bayer as a party defendant, and provided notice to Carlin. Thereafter, on August 4, 1992, from Florida, Mambuca filed a copy of the order of substitution in the within action. Mambuca also filed a motion to stay the Ohio action, or in the alternative, to dismiss the within action, due to the earlier filing and pendency of the Florida proceedings. The probate court denied this motion. On November 4 1992, Mambuca filed an answer and counterclaim for monetary damages which reiterated the allegations set forth in the Florida action. Also on November 4, 1992, Mambuca filed a motion to certify the matter to the general division of the court of common pleas. The probate court dismissed Mambuca's counterclaim, denied the motion to certify, then scheduled the matter for trial on February 25, 1993.

On February 11, 1993, Mambuca, who did not have Cleveland counsel, filed a notice of substitution of Porter, Wright, Morris & Arthur of Cleveland as her new counsel. Mambuca also filed a motion for continuance, noting that the Florida action had been set for trial on February 22 and 23, 1993. In response, the probate court not only denied a continuance but also advanced the matter for trial from February 25, 1993 to February 16, 1993, shortening the time for new counsel to review and prepare for trial.

At the trial, executor Carlin represented that Florence Bayer, as the survivor of Anton Bayer, had exercised proper control over the couple's joint and survivorship assets. Carlin also maintained that Mambuca's claim against the estate was not timely and was therefore barred by operation of R.C. 2117.12, since Mambuca failed to file an independent action on her claim, after Carlin refused to honor it. In opposition, Mambuca maintained that by providing Carlin with notice of her motion to substitute Carlin for Florence Bayer in the Florida action, she effectively presented the claim as mandated by R.C. 2117.06. The probate court found Carlin's arguments well taken and entered judgment for her. Mambuca now appeals and assigns four errors for our review.

## II

Mambuca's first assignment of error states:

"The trial court lacks jurisdiction to probate Mrs. Bayer's estate and to consider claims regarding the assets of that estate."

Within this assignment of error, Mambuca asserts that R.C. 2107.11 does not afford a basis for the probate court to exercise jurisdiction over this matter. Specifically, Mambuca claims that there is no jurisdiction pursuant to R.C. 2107.11(A) because Florence Bayer was domiciled in Florida at the time of her death. Mambuca further claims there is no jurisdiction pursuant to R.C. 2107.11(B) because the assets listed as belonging to the estate are the subject of the parties' dispute and, due to their nature as intangible property, are in fact deemed located at Florence Bayer's Florida residence.

R.C. 2107.11 provides in relevant part as follows:

"A will shall be admitted to probate:

"(A) In the county in which the testator was domiciled if, at the time of his death, he was domiciled in this state;

"(B) In any county of this state where any real or personal property of such testator is located if, at the time of his death, he was not domiciled in this state, and provided that such will has not previously been admitted to probate in this state or in the state of such testator's domicile;

" * * *

"For the purpose of this section, intangible personal property is located in the place where the instrument evidencing a debt, obligation, stock, or chose in action is located or if there is no such instrument where the debtor resides."

It is clear that R.C. 2107.11(A) does not afford a basis for jurisdiction where, as here, the testator was not domiciled in this state. However, it is equally clear that R.C. 2107.11(B) does provide jurisdiction in any county of this state where personal property of the testator is located, despite the fact that she is not domiciled in this state, and provided that her will has not previously been admitted to probate in this state or in the state of her domicile.

In this instance, there is no evidence that Florence Bayer's will was admitted to probate anywhere prior to its admission in this jurisdiction. In addition, the intangible property which Carlin listed as the assets of the estate is not deemed located at Bayer's Florida estate as Mambuca claims. Rather, by the express terms of R.C. 2107.11, this property is deemed located "in the place where the instrument evidencing a debt, obligation, stock, or chose in action is located or if there is no such instrument where the debtor resides." Thus, Bayer's intangible property is deemed located in Cuyahoga County. Accordingly, R.C. 2107.11(B) provides a basis for the probate court's exercise of jurisdiction over this matter.

Moreover, jurisdiction is not lost due to the disputed nature of the assets. *See Bobko v. Sagen* (1989), 61 Ohio App.3d 397, 406, 572 N.E.2d 823, 828–829.

This court explained:

"The jurisdiction of the probate court is defined by R.C. 2101.24, which provides in pertinent part:

" '(C) The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by statute.'

"Those matters which may properly be placed before the court include declaratory judgment actions involving the administration of an estate. R.C. 2101.24; *Corron v. Corron* (1988), 40 Ohio St.3d 75, 78–79, 531 N.E.2d 708, 711–712.

"Further, R.C. 2721.03 provides in pertinent part:

" 'Any person interested under a deed, will, written contract, or other writing constituting a contract, or whose rights, status, or other legal relations are affected by a constitutional provision, statute, rule as defined in section 119.01 of the Revised Code, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under such instrument, constitutional provision, statute, rule, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.'

"In addition, R.C. 2721.05 provides that:

" 'Any person interested as or through an executor, administrator, trustee guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or *cestui que* trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent, may have a declaration of rights or legal relations in respect thereto in any of the following cases:

" ' * * * *

" '(C) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.' "

Therefore, although the probate court does not have jurisdiction to directly adjudicate Mambuca's claim for money damages resulting from fraud, see *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 35, 22 OBR 27, 29, 488 N.E.2d 210, 212–213; *Alexander v. Compton* (1978), 57 Ohio App.2d 89, 90–92, 11 O.O.3d 81, 81–82, 385 N.E.2d 638, 639–641, it nonetheless has jurisdiction to determine whether Mambuca's claim is timely presented, as that question relates to Carlin's administration of Florence Bayer's estate. See R.C. 2721.05.

For the foregoing reasons, Mambuca's first assignment of error lacks merit.

## III

Mambuca's second assignment of error states:

"The trial court erred when it refused to afford judicial comity to the proceedings already pending in Florida on the identical issues at stake in this case."

Regarding application of the principle of comity, this court has previously determined that the recognition and enforcement of rights created in another state on the principle of comity are a matter of courtesy and cannot be claimed as a right. See *Union Commercial Corp. v. R.J. Schmunk Co.* (1939), 30 Ohio Law Abs. 116, 121; *See, also, Bobala v. Bobala* (1940), 68 Ohio App. 63, 71, 20 O.O. 45, 48–49, 33 N.E.2d 845, 849. Further, where an action is concurrently pending in Ohio as well as a foreign jurisdiction, the Ohio court's options include allowing the action to proceed in this state, or granting a stay pending resolution of the foreign action, but do not include dismissal of the Ohio action. *Hoppel v. Greater Iowa Corp.* (1980), 68 Ohio App.2d 209, 210, 22 O.O.3d 308, 308–309, 428 N.E.2d 459, 460. See, generally, Restatement of Conflict of Laws 2d, Section 86, Comment *b*.

With regard to the substantive nature of the proceedings taking place in Florida, this court notes that if a tort claim is barred by operation of R.C. 2117.12, then it remains barred, even if prosecuted to final judgment in the state in which the cause of action arose. See *In re Estate of Rettig* (1964), 8 Ohio Misc. 38, 41–42, 35 O.O.2d 141, 143, 216 N.E.2d 924, 926. Therefore, whether Mambuca's claim was timely is a fundamental issue of both this action and the Florida action, and the resolution of the issue undoubtedly would have an impact on the Florida proceedings.

Furthermore, since Carlin represented to the court that the issues and parties in the Ohio case are not the same as the issue and parties in the Florida proceedings, the court in its discretion sustained Carlin's objection to the recommendation of the Ohio referee that the principle of comity be invoked in the interest of judicial economy. We find no abuse in the court's discretion in monitoring its proceedings notwithstanding the pendency of the Florida action.

Mambuca's second assignment of error is overruled.

## IV

Mambuca's third assignment of error states:

"The trial court abused its discretion and erred to the prejudice of Mambuca by denying Mambuca's request for a continuance of the declaratory judgment hearing in the Ohio action."

Within this assignment of error, Mambuca challenges the trial court's advancement of the trial date, notwithstanding her unopposed motion for a continuance.

In *State v. Sowders* (1983), 4 Ohio St.3d 143, 144, 4 OBR 386, 387–388, 447 N.E.2d 118, 120, the Supreme Court noted that the grant or denial of a motion for a continuance is a matter within the sound discretion of the trial judge. Judicial discretion, the court further observed, is "the option which a judge may exercise between the doing and not doing of a thing which cannot be demanded as an absolute legal right, guided by the spirit, principles and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in light of the particular circumstances of the case." (Citation omitted.)

Moreover, the *Sowders* court endorsed the use of a balancing test which requires the trial court to weigh the court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice, against the potential prejudice to the movant.

In light of the court's ruling denying Mambuca's unopposed motion for continuance, we studied the file to determine whether the proceedings could be fully prepared for trial within the time restraints imposed by the court. A review of the file, including allegations of the Florida case (which is intermingled with the Ohio trial), reveals that appellant's newly appointed counsel would be called upon to offer proof on allegations including the following:

"(1) Anton Bayer, a resident of Collier County, Florida died on January 24, 1990.

"(2) In 1988, Florence Bayer (wife and executor) through her appointment, prepared a Durable Family Power of attorney (neither prepared nor requested by Anton) stating that Anton Bayer designated his wife, Florence Bayer, as his attorney to act on his behalf.

"(3) That on September 1, 1988, Florence Bayer and her niece, Patricia Stefanek, presented for signature to Anton Bayer, the Durable Family Power of Attorney, although by 1987, Anton Bayer was legally blind and suffered a severe hearing loss, which information was known to Florence Bayer.

"(4) Anton was confined to a nursery home when the Durable Family Power of Attorney was presented to Anton for his signature without informing him that the document was a Durable Family Power of Attorney wherein he was authorizing Florence to act in his behalf.

"(5) That Anton Bayer and Florence Bayer owned a home in Port Charles, Florida which Florence listed for sale and entered into a sales contract for sale without the knowledge and consent of Anton Bayer by using the Durable Family Power of Attorney.

"(6) In March 1989, Anton Bayer learned of the existence of Durable Family Power of Attorney and revoked the Durable Family Power of Attorney and issued a new Durable Family Power of Attorney in favor of his daughter, Katherine Mambuca.

"(7) That Anton Bayer and Florence Bayer opened an account in Naples, Florida in 1981 with three joint funds at Merrill Lynch, Pierce, Fenner & Smith, Inc. (Merrill Lynch).

"(8) On March 2, 1989 Anton Bayer and Florence Bayer held Merrill–Lynch Account # 776–15012 as joint tenants.

"(9) In March 1989 Anton Bayer was the owner and entitled to possession of an undivided one half (½) interest in the Merrill–Lynch Account # 776–15012 (Florida joint account).

"(10) Florence Bayer, on approximately March 2, 1989, withdrew all the monies from the Florida joint account at Merrill Lynch, which totalled approximately $342,213.

"(11) Defendant Florence Bayer withdrew all of the funds held in the Florida joint account on March 26, 1989 without the knowledge or consent of Anton Bayer.

"(12) Florida joint account funds at Merrill–Lynch in the amount of $120,201 were withdrawn by Florence Bayer and placed in Merrill–Lynch Account # 646–69266 in Ohio, which was held in the name of Anton Bayer and Florence Bayer joint tenant with rights of survivorship (Ohio Joint Account). Anton Bayer was initially not aware of the existence of the Ohio joint account, which had his name on it as a joint tenant, and upon becoming aware of this fact, he was not able to withdraw any monies from the said account due to the actions of defendant Florence Bayer."

For newly appointed Ohio counsel (February 11, 1993) to represent Mambuca properly in this perplexing case involving Ohio and Florida, by February 25, 1993 (date originally set for Ohio trial) would require time (1) to interview witnesses both here and in Florida, (2) to arrange for and conduct depositions of both Ohio and Florida witnesses, (3) to research and marshall law of Ohio and Florida, and (4) to carefully comb through voluminous papers for supporting exhibits, etc.

To presume that a newly appointed lawyer, a stranger to the proceedings, could be ready by the date set by the court is beyond our acceptance.

Whether Mambuca or the executor Carlin eventually prevails is not our concern. To ensure that both sides are granted sufficient time to adequately prepare for trial on behalf of their clients is our responsibility.

To deny appellant's unopposed motion for continuance was error. To compound the error by accelerating the trial from February 25, 1993 to February 16, 1993 clearly was an abuse of discretion.

Assignment of error number three is sustained.

## V

Mambuca's fourth assignment of error states:

"The trial court erred in concluding that Mambuca's claim against Mrs. Bayer's estate is barred by R.C. 2117.12."

Within this assignment of error, Mambuca argues that although she did not file a formal independent action on her claim against the Bayer estate within two months of Carlin's rejection of the claim, as mandated by R.C. 2117.12, she nonetheless may assert her claim against the estate since her substitution of executor Carlin for Bayer in the Florida action rendered R.C. 2117.12 inapplicable herein. We agree.

The statutory provisions regarding the presentation of creditor's claims include the following:

R.C. 2117.06

"(A) All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners:

"(1) To the executor or administrator in a writing;

"(2) To the executor or administrator in a writing, and to the probate court by filing a copy of the writing with it;

"(3) In a writing that is sent by ordinary mail addressed to the decedent and that is actually received by the executor or administrator within the appropriate time specified in division (B) of this section.   * * *"

R.C. 2117.07

"An executor or administrator may accelerate the bar against claims against the estate established by section 2117.06 of the Revised Code by giving written notice to a potential claimant that identifies the decedent by name, states the date of the death of the decedent, identifies the executor or administrator by name and mailing address, and informs the potential claimant that any claims he may have against the estate are required to be presented to the executor or administrator in a writing within the earlier of thirty days after receipt of the notice by the potential claimant or one year after the date of the death of the decedent. A

claim of the potential claimant that is not presented in the manner provided by section 2117.06 of the Revised Code within the earlier of thirty days after receipt of the notice by the potential claimant or one year after the date of the death of the decedent is barred by section 2117.06 of the Revised Code in the same manner as if it was not presented within one year after the date of the death of the decedent."

R.C. 2117.12

"When a claim against an estate has been rejected, in whole or in part but not referred to referees, or when a claim has been allowed in whole or in part and thereafter rejected, the claimant must commence an action on the claim, or that part thereof rejected, within two months after such rejection if the debt or that part thereof rejected is then due, or within two months after the same becomes due, or be forever barred from maintaining an action thereon.   * * *."

In *Goehring v. Dillard* (1945), 145 Ohio St. 41, 30 O.O. 274, 60 N.E.2d 704, the Supreme Court considered the issue of whether, upon the death of a defendant and the revivor of the action against his administrator, the plaintiff is required to comply with the statutory procedures regarding the presentation of a claim in writing to the administrator.   The Supreme Court determined that presentation of the claim was unnecessary, and stated:

"In the course of the opinion in the instant case the Court of Appeals said:

" 'We are of the opinion, and hold, that, under the circumstances, no presentation to, and rejection by, the administrator of the claim was necessary.   The revivor of the action rendered unnecessary a presentation of the claim.   That has been the settled law of the state for many years, and we do not find that any recent section of the code changed that rule.'

"We agree with the foregoing statement.

"In the case of *Musser's Exr. v. Chase*, 29 Ohio St., 577, it was held:

" 'Section 96 of the administration act, which provides that unless the claim has been exhibited to the executor or administrator, and has been disputed or rejected by him, he shall not be liable at the suit of a creditor, does not apply to proceedings to revive an action before judgment, against the personal representative of a deceased party.'

"In the case of *Pepper v. Sidwell, Admr.*, 36 Ohio St., 454, this court held:

" 'In an action against an administrator, the objection that the claim sued on was not presented for allowance before the action was brought, is waived, where the administrator joins issue and goes to trial on the validity of the claim without objection.'

"In this respect attention is called to the terms of the agreed entry upon which the instant action was revived. (See statement of facts.)

"In 18 Ohio Jurisprudence, 538, Section 432, it is said:

" 'The provision that an executor or administrator shall not be liable to the suit of a creditor unless the claim has first been exhibited to him, and has been disputed or rejected, does not apply to proceedings to revive an action pending at the death of the party, or to such action after revivor.' " *Id.* at 46, 30 O.O. at 276–277, 60 N.E.2d at 706–707. *See, also, Blanchard v. Morgan* (1983), 10 Ohio App.3d 117, 119–120, 10 OBR 141, 143–145, 460 N.E.2d 715, 717–719, wherein the court explained:

"The claim here was properly revived against the estate in the municipal court action, and the administratrix in defending that action had sufficient notice of the claim and the possible liability to the estate. It cannot be seriously argued that the provisions of R.C. 2117.06, 2117.07 or 2117.12, which are statutes permitting rejection of claims against an estate, can be extended to permit an administratrix to reject a valid judgment which was not appealed."

Similarly, in *Fortelka v. Meifert* (1964), 176 Ohio St. 476, 27 O.O.2d 439, 200 N.E.2d 318, syllabus, the Supreme Court held that the filing of a petition against the administrator of a decedent's estate, which sets forth a cause of action against the estate, within four months of the administrator's appointment, and which is accompanied by service of summons and a copy of the petition upon the administrator, constitutes a valid presentation of plaintiff's claim to the administrator and meets the requirements of R.C. 2117.06. The court explained:

"The purpose and object of the law requiring the presentation of claims against an estate to the executor or administrator is manifestly to secure an expeditious and efficient administration of an estate by promptly providing such a fiduciary with necessary information relating to the existence, amount and character of all indebtedness of the estate. *Cheeseman, Admr., v. Kyle,* 15 Ohio St., 15; *Gerhold, Admx., v. Papathanasion,* 130 Ohio St., 342, 4 O.O., 425 [199 N.E. 353].

"The petition in the instant case, accompanied by proper service of summons with a copy of the petition upon the administratrix, embraces all four of the statutory requirements of Section 2117.06, Revised Code, i.e., presentment in writing, within four months of appointment, and claimant's address, and thereby accomplished the legislative object and purpose of such statutory requirements. This constitutes the presentation of a 'claim' within the meaning of Section 2117.06, Revised Code.

" * * * *

"In 22 Ohio Jurisprudence (2d), 653, Section 293, it is stated:

" 'Since the law does not require a claimant or litigant to do a vain thing, the mandatory provisions of the statute requiring presentation in writing to the personal representative of claims against the estate he represents, are said to be quite uniformly softened and not enjoined when the application of such provisions would run contrary to reason and common sense.'

" * * *

"In 21 American Jurisprudence, 577, Section 345, it is said:

" 'The institution of a suit against an executor or administrator is generally considered sufficient presentation of the claim of the plaintiff to take it out of a statute of nonclaim, especially where a copy of the verified complaint containing all the averments required in a regularly presented claim is served.' " *Id.* at 479–480, 27 O.O.2d at 442, 200 N.E.2d at 322. Accord *Mathe v. Fowler* (1983), 13 Ohio App.3d 273, 274, 13 OBR 337, 338–339, 469 N.E.2d 89, 91.

Carlin insists that this line of authority was rendered inapplicable when the General Assembly revised the Ohio Probate Code in 1990. We note, however, that in support of its holding, the *Goehring* court observed:

"While the 94th General Assembly made an extensive revision of the probate code (119 Ohio Laws, 394 *et seq.*), it must be assumed that such a revision was made in the light of the theretofore declared principles of law, and that where it was intended to change the then declared law, such change would be effected by statutory provision.

"While Section 10509–112, General Code, was so amended as to require all claimants to present their claims in writing to the executor or administrator within four months after the fiduciary's appointment, yet we note that in the amendment of Section 10509–121, General Code (119 Ohio Laws, 410), in respect of the order in which debts are to be paid, the General Assembly provided:

" 'The giving of written notice to an executor or administrator of a motion or application to revive an action pending against the decedent at the date of death shall be equivalent to the presentation of a claim to such executor or administrator, for the purpose of determining the order of payment of any judgment rendered or decree entered in such action.'

"We are of the opinion that this was a recognition by the General Assembly that where an action against a deceased person is properly revived it is not necessary to go through the formality of an independent presentation of the claim to the executor or administrator." *Goehring, supra,* 145 Ohio St. at 47, 38 O.O. at 277, 60 N.E.2d at 707.

Likewise, as is relevant herein, the present, post–1990 version of the Ohio Probate Code contains similar language, as R.C. 2117.25 provides in relevant part as follows:

"The giving of written notice to an executor or administrator of a motion or application to revive an action pending against the decedent at the date of death shall be equivalent to the presentation of a claim to the executor or administrator for the purpose of determining the order of payment of any judgment rendered or decree entered in such an action."

Accordingly, we conclude that because Mambuca had filed the Florida action against Bayer prior to Bayer's death, then immediately thereafter substituted Carlin in the action, Mambuca was not required to file a formal separate action against Carlin, as R.C. 2117.06, 2117.07 and 2117.12 are inapplicable herein. Mambuca's fourth assignment of error is well taken.

The judgment rendered below is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DUKE, P.J., and JOHN V. CORRIGAN, J., concur.

PRYATEL and JOHN V. CORRIGAN, JJ., retired, of the Eighth Appellate District, sitting by assignment.