DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Nationwide Mutual Insurance Company, appeals from the judgment of the Stark County Court of Common Pleas, which granted summary judgment against it. This Court affirms.
 I. {¶ 2} The facts in this case are not in dispute. On August 31, 2001, Norma Kilasi was involved in a motor vehicle accident with the tortfeasor, Donna Neely. Kilasi filed a complaint against Neely in the Stark County Court of Common Pleas (Case No. 2002CV02045) on June 12, 2002. On November 6, 2002, Neely died, and her suggestion of death was timely filed with the trial court in the underlying case. On February 7, 2003, Appellee-administrator, was substituted as the real party in interest in the underlying case on behalf of Neely's estate.
 {¶ 3} On May 16, 2003, Kilasi voluntarily dismissed her complaint against Neely's estate. Nevertheless, Kilasi and Neely's estate continued negotiations for settlement. Kilasi eventually settled with Neely's estate.
 {¶ 4} Appellant was Kilasi's underinsured motorist carrier at the time of the accident, but was not a named party in the underlying case. During the pendency of the underlying case, appellant advanced $5000.00 in medical payments to Kilasi on April 24, 2002. On August 21, 2003, after the underlying case was dismissed and ultimately settled, appellant funded a $20,000.00 payment on Kilasi's claim against Neely's estate, without consent to settlement or waiver of subrogation.
 {¶ 5} On August 29, 2003, appellant, as subrogee, presented its claim for reimbursement to appellee. Appellee rejected appellant's claim on September 26, 2003. Thereafter, on October 14, 2003, appellant filed its subrogation complaint against appellee.
 {¶ 6} Appellee moved for summary judgment, asserting that appellant's claim was barred by the statute of limitations. The trial court agreed and dismissed appellant's complaint. Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred as a matter of law to the prejudice of plaintiff, in granting defendant's motion for summary judgment on the grounds of the statute of limitations under R.C. § 2305.10, as timely submission of a claim to the administrator of an estate prior to the expiration of the statute of limitations tolls the running of statute during the administrator's review, and upon denial of such claim by the administrator, the two month statute of limitations under R.C. § 2117.12 governs."
 {¶ 7} In its sole assignment of error, appellant argues that the two-year statute of limitations pursuant to R.C. 2305.10 was tolled upon appellant's timely presentation of its claim to appellee-administrator. Appellant further argues that, once appellee rejected the claim, R.C. 2117.12 accorded appellant an additional two-month period in which to file its complaint against appellee. This Court disagrees.
 {¶ 8} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105, 1996-Ohio-336. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co.
(1983), 13 Ohio App.3d 7, 12.
 {¶ 9} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 10} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280,293, 1996-Ohio-107. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel.Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449,1996-Ohio-211.
 {¶ 11} In its motion for summary judgment, appellee argued that: (1) appellant-subrogee retains no greater rights than those possessed by the subrogor, Kilasi; (2) the statute of limitations ran on Kilasi's claims against appellee prior to the filing of appellant's complaint; (3) the "savings statute" does not preserve appellant's claim in this instance; and (4) the presentment of claims provision in R.C. 2117.06 is inapplicable, so that the two-month extension of time in which to file an action on a rejected claim pursuant to R.C. 2117.12 is also inapplicable.
 {¶ 12} In its brief in opposition to the motion for summary judgment, appellant argued that its subrogation claim is separate and distinct from Kilasi's personal injury claim. Therefore, because Neely had died, appellant argued that it was required to present its claim to her estate prior to filing its lawsuit. Appellant continued that, upon appellee's rejection of appellant's claim, appellant had two months pursuant to statute in which to timely file its subrogation complaint. Because appellant-subrogee filed its complaint well within the two-month period, it argued that its claim is not time-barred. This Court disagrees.
 {¶ 13} This Court first addresses the applicability of R.C. Chapter 2117 in this case. Generally, R.C. 2117.06 provides that all creditors having claims against an estate, including, but not limited to, claims arising out of tort, shall present any such claims to the estate in writing within one year after the death of the decedent. The policy behind the requirement for presentation of claims is to apprise the administrator of the existence, amount and character of the claims, so as to secure an expeditious and efficient administration of the estate. Carlin,Exr. v. Mambuca (1994), 96 Ohio App.3d 500, 511, citingCheeseman, Admr. v. Kyle (1864), 15 Ohio St. 15; Gerhold,Admx. v. Papathanasion (1936), 130 Ohio St. 342. Where the administrator has rejected any claim, R.C. 2117.12 provides that the claimant must commence an action on the claim within two months after the rejection, or be forever barred from maintaining an action on such claim.
 {¶ 14} There are circumstances, however, under which a claimant need not present a claim to the estate. "Where an action against a deceased defendant has been revived properly it is not necessary for the plaintiff in such revived action to present his claim in writing to the executor or administrator [of the estate][.] Goehring v. Dillard (1945), 145 Ohio St. 41, paragraph one of the syllabus. Revivor is proper upon compliance with the mandates of Civ.R. 25. Civ.R. 25(E) requires the filing and service of a suggestion of death of a party, who has died during the pendency of an action. Civ.R. 25(A) further directs the court, upon motion, to order substitution of proper parties, where a party has died and the claim is not thereby extinguished. Revivor effectively reinstates a pending proceeding to allow the action to continue in the name of the administrator of the decedent party's estate. Blanchard v. Morgan (1983),10 Ohio App.3d 117, 119. Under those circumstances, the substituted party assumes both the burdens and benefits earlier possessed by the decedent. Id.
 {¶ 15} In this case, there is no dispute that appellee-administrator was properly substituted as the real party in interest in the underlying case after Neely's death. Therefore, Kilasi's personal injury action was properly revived, and appellee assumed all the burdens and benefits maintained by Neely in the underlying action, including protection from any claims barred by the statute of limitations. Because the underlying case was properly revived after Neely's death, the provision of R.C. 2117.06, requiring presentation of the pending claims to the estate, was not applicable. Further, because presentation of any claim related to the pending claims in the underlying case was neither necessary nor appropriate, the provision of R.C. 2117.12, which provides a claimant two months in which to file an action on a rejected claim, was not applicable. Wherefore, this Court finds that appellant was not accorded a two-month extension of time pursuant to R.C. 2117.12
in which to file any claims against appellee. Neither was any applicable statute of limitations tolled as a result of appellant's submission of its claim to appellee-administrator. Therefore, any claims appellant had against appellee must have been filed within any relevant statute of limitations.
 {¶ 16} This Court next addresses the issue of appellant's subrogation claim. Subrogation, in this context, is the "principle under which an insurer that has paid a loss under an insurance policy is entitled to all the rights and remedies belonging to the insured against a third party with respect to any loss covered by the policy." Black's Law Dictionary (7 Ed. 1999) 1440. A subrogated insurer stands in the shoes of the insured-subrogor and has no greater rights than those of its insured-subrogor. Chemtrol Adhesives, Inc. v. Am. Mfrs. Mut.Ins. Co. (1989), 42 Ohio St.3d 40, 42. Further, where the insured's claim against a tortfeasor is based on negligence, the insurer's subrogated claim is also necessarily based on negligence, rather than on the insurance contract. Ohio Mut.Ins. Assn., United Ohio Ins. Co. v. Warlaumont (1997),124 Ohio App.3d 473, 475, citing State Farm Mut. Auto. Ins. Co. v. Rossi
(Dec. 8, 1989), 11th Dist. No. 89-T-4247. Consequently, where an insured's tort claim is subject to a statute of limitations, so too is the insurer's subrogation claim. United States Fid. Guar. Co. v. Buckeye Union Ins. Co. (Sep. 30, 1986), 6th Dist. No. L-85-377.
 {¶ 17} In this case, the insured, Kilasi, filed a personal injury complaint alleging negligence against Neely and, therefore, against appellee by substitution of parties. Therefore, appellant's subrogation claim against appellee is also necessarily based on negligence. As a result, appellant's argument that its subrogation claim is separate and distinct from Kilasi's personal injury claim is misplaced. Further, under these circumstances, appellant would have been bound by the same statute of limitations as the insured.
 {¶ 18} R.C. 2305.10 provides that a cause of action for bodily injury or injury to personal property must be brought within two years of the cause of such injury. In this case, there is no dispute that the insured Kilasi was injured in a motor vehicle accident occurring on August 31, 2001. Therefore, any personal injury claim, as well as any derivative subrogation claim, must have been brought not later than August 31, 2003. Any personal injury or derivative claim brought after August 31, 2003, would be barred by the statute of limitations. Here, appellant filed its derivative subrogation claim on October 14, 2003, well after the running of the applicable statute of limitations. Therefore, appellant's subrogation claim was time-barred, unless the statute of limitations was tolled or the claim was otherwise subject to a "savings statute."
 {¶ 19} This Court has already found that the provisions of R.C. Chapter 2117 did not serve to toll the statute of limitations due to the inapplicability of that chapter. Appellee argued further in his motion for summary judgment that R.C.2305.19, the "savings statute," did not preserve appellant's subrogation claim in this case.
 {¶ 20} The version of R.C. 2305.19 in effect at the relevant time provided that a plaintiff may commence a new action within one year of the date on which judgment for plaintiff in an initial action is reversed or the plaintiff "fails otherwise than upon the merits." This Court has earlier asserted that "[i]n order for Section 2305.19 to be applicable, however, the first action must have been filed within the statute of limitations and must have been reversed or have failed after the statute of limitations has expired." Senz v. Mills (Feb. 21, 1996), 9th Dist. C.A. No. 95CA0020, citing Reese v. Ohio State Univ. Hosp.
(1983), 6 Ohio St.3d 162, 163.[1]
 {¶ 21} In this case, Kilasi brought her underlying personal injury action within the statute of limitations. She later voluntarily dismissed the action twoand-a-half months prior to the expiration of the statute of limitations. It is clear that Kilasi's voluntary dismissal constituted a failure otherwise than upon the merits. However, the time limited for the commencement of such action had not expired at the time of the action's failure otherwise than upon the merits. Therefore, because there was no compliance with the second prong of the savings statute, Kilasi could not have subsequently refiled her personal injury action. Further, because Kilasi was time-barred from bringing an action arising out of the August 31, 2001 motor vehicle accident, R.C. 2305.19 did not preserve appellant's derivative subrogation claim.
 {¶ 22} In light of the above facts and applicable law, this Court finds that summary judgment was properly granted in favor of appellee. Appellant's assignment of error is overruled.
 III. {¶ 23} Appellant's assignment of error is overruled. Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Stark, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Slaby, J., Whitmore, J., concur.
[1] On June 2, 2004, R.C. 2305.19 was amended to permit the refiling of an action "within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later." (Emphasis added.) This Court considers the version of the statute in effect at the time appellant filed its subrogation action, because R.C. 1.48 presumes prospective operation of a statute unless the statute was expressly made retrospective. R.C.2305.19, as amended, does not expressly provide for retrospective application.