{¶ 62} I respectfully dissent from the majority's opinion. I would find although an ERISA preemption might exist, state law is not preempted under the limited fact pattern of this case.
 {¶ 63} In Maricco v. Meco (E.D.Mich. 2004),316 F.Supp.2d 524, 527, the dicta of the court left open the possibility of a subrogation claim in order "to ensure that its unique interest as a subrogee is properly protected."
 {¶ 64} In this case, appellee invited and summoned appellant to the state bar of justice by filing a lawsuit against appellant. Appellee then settled the matter knowing full well that appellant's claims had been asserted and in complete disregard of those claims, used its presence in the lawsuit to effectuate a settlement.
 {¶ 65} The funds sub judice have not been turned over to appellee and therefore I would find that Great-West Life Annuity Insurance Company v. Knudson (2002), 534 U.S. 204, does not control the disposition of this matter.
 {¶ 66} Further, appellant's claim is a subrogation claim which has been regarded in this state as "the highest equity."Newcomb v. Cincinnati Insurance Co. (1872), 22 Ohio St. 382,387.
 {¶ 67} A subrogation claim to a negligence action is a claim based in negligence not contract. Nationwide Mutual InsuranceCo. v. Zimmerman, Adm., Stark App. No. 2004CA00007,2004-Ohio-7115.
 {¶ 68} I would find the trial court erred in dismissing appellant's state law claim for lack of subject matter jurisdiction and I would sustain appellant's first assignment of error.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed with modification. Costs assessed to appellant.