Alice Robie Resnick, J.
{¶ 1} This appeal requires us to consider a single narrow issue — whether R.C. 2305.19, Ohio’s saving statute, applies to will-contest actions. For the reasons that follow, we answer this question in the affirmative and affirm the judgment of the court of appeals.
{¶ 2} The relevant facts concerning the certified question before us are undisputed. We focus only on the details necessary to place that issue in context.
{¶ 3} On March 22, 2002, plaintiff-appellee, Patsy J. Allen, filed a will-contest action in the Probate Division of the Franklin County Common Pleas Court *22 concerning the validity of a will executed by Lavenia M. Starr, who had died on July 8, 2001. On February 24, 2003, Allen voluntarily dismissed her complaint without prejudice under Civ.R. 41(A)(1)(a), noting that she intended to refile the complaint under the saving statute, R.C. 2305.19. The next day, Allen refiled the complaint.
{¶ 4} On March 12, 2003, defendants-appellants Mary Baker, Shirley Lyttle, Shirley Stringfellow, and Dennis L. Lyttle answered and moved to dismiss, asserting that R.C. 2305.19 is inapplicable to will-contest actions. The trial court granted the motion to dismiss, specifically finding that the saving statute does not apply to will-contest actions.
{¶ 5} The Court of Appeals for Franklin County reversed the judgment of the probate court, holding that R.C. 2305.19 applies. Finding its judgment in conflict with the judgments of the Eleventh District Court of Appeals in Barnes v. Anderson (1984), 17 Ohio App.3d 142, 17 OBR 242, 478 N.E.2d 248, and Peltz v. Peltz (June 27, 1997), Geauga App. No. 96-G-2026, 1997 WL 402373, and the judgment of the Fourth District in Cross v. Conley (July 12, 2000), Highland App. No. 99CA5, 2000 WL 1010771, the court of appeals granted a motion to certify a conflict. The cause is now before this court upon our determination that a conflict exists in case No. 2004-0407 and upon the acceptance of a discretionary appeal in case No. 2004-0242.
{¶ 6} The issue certified for our review is straightforward: “whether R.C. 2305.19 applies in will contest actions.” To resolve that question, we must consider two statutes. Former R.C. 2305.19, as applicable to this case, provides: “In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date.”[1]
{¶ 7} Former R.C. 2107.76, 145 Ohio Laws, Part III, 5092, 5095, as applicable to plaintiff in this case, provides: “No person who has received * * * the notice of the admission of a will to probate * * * may commence an action * * * to contest the validity of the will more than four months after the filing of the certificate described in division (A)(3) of section 2107.19 of the Revised Code.”[2]
*23 {¶ 8} In finding that R.C. 2305.19 does not apply to will-contest actions, the probate court followed the holdings of the three appellate cases certified by the court of appeals as in conflict with its decision and also followed Alakiotis v. Lancione (1966), 12 Ohio Misc. 257, 261, 41 O.O.2d 381, 232 N.E.2d 663, a seminal common pleas court decision relied upon within those three appellate decisions.
{¶ 9} Alakiotis reasoned that because a will-contest action is a cause of action created by statute and is unknown to the common law, and because there is a specific statute of limitations applicable to will-contest actions, R.C. 2305.19 does not apply. Id., 12 Ohio Misc, at 261, 41 O.O.2d 381, 232 N.E.2d 663. See, also, Barnes, 17 Ohio App.3d at 145, 17 OBR 242, 478 N.E.2d 248 (“Alakiotis * * * forecloses the application of R.C. 2305.19 to a case of this kind”); Peltz, Geauga App. No. 96-G-2026, 1997 WL 402373, * 3 (“the General Assembly intended the specific, four-month time limit set forth in [former] R.C. 2107.76 to take precedence over the general one-year limit in R.C. 2305.19”); Cross, Highland App. No. 99CA5, 2000 WL 1010771, * 3 (remarking that the General Assembly has chosen not to disturb the ruling in Alakiotis, even though it has had ample opportunity, and stating, “[T]he purpose behind imposing the four-month limitation period, contained in [former] R.C. 2107.76, is to promote the speedy administration of estates”).
{¶ 10} The appellate court below, on the other hand, found that even though the rule of Alakiotis had governed this issue since that case was decided, recent decisions of this court have undermined the validity of Alakiotis and the cited appellate cases based on it. The court of appeals recognized that three decisions of this court involving R.C. 2305.19 call Alakiotis’s ruling into question. Further, the court of appeals distinguished statutes that create rights from those that create remedies.
{¶ 11} In Reese v. Ohio State Univ. Hosp. (1983), 6 Ohio St.3d 162, 6 OBR 221, 451 N.E.2d 1196, syllabus, this court held, “R.C. 2305.19 is applicable to suits against the state in the Court of Claims” and observed, “The Court of Claims Act, R.C. 2743.01 et seq., * * * does not create new rights or causes of action but, rather, creates only a remedy.” Id. at 163, 6 OBR 221, 451 N.E.2d 1196.
{¶ 12} In Lewis v. Connor (1985), 21 Ohio St.3d 1, 21 OBR 266, 487 N.E.2d 285, syllabus, this court held that R.C. 2305.19 “is applicable to workers’ compensation complaints filed in the common pleas court.” Such complaints were required by the relevant statute (at that time, R.C. 4123.519, now 4123.512) to be filed within 60 days after receipt of the Industrial Commission’s decision. Lewis, 21 Ohio St.3d at 2-3, 21 OBR 266, 487 N.E.2d 285.
{¶ 13} Both the trial court and the court of appeals in Lewis had found that the saving statute did not apply to such complaints, with the court of appeals accepting the arguments that the statute at issue created a substantive right of *24 action unknown at common law, that the 60-day limitation period within the statute was an inherent part of the statute that created the right, and that when the statutory period expires, the right is extinguished. Id., 21 Ohio St.3d at 2, 21 OBR 266, 487 N.E.2d 285. The Lewis court rejected this reasoning.
{¶ 14} Most recently, in Osborne v. AK Steel/Armco Steel Co., 96 Ohio St.3d 368, 2002-Ohio-4846, 775 N.E.2d 483, syllabus, this court unanimously held that R.C. 2305.19 applies to R.C. Chapter 4112 age-discrimination actions. The Osborne court explained that in Lewis, “this court found that R.C. 2305.19 applied to save a claim even though the claim (workers’ compensation) is a creature of statute and the Workers’ Compensation Act contained its own limitations period. The Lems opinion turned on this court’s determination that R.C. 4123.519, now 4123.512, was a remedial statute, not a right-creating statute.” Osborne, 96 Ohio St.3d 368, 2002-Ohio-4846, 775 N.E.2d 483, ¶ 4, citing Lewis, 21 Ohio St.3d at 3, 21 OBR 266, 487 N.E.2d 285.
{¶ 15} This court in Osborne extended the holding in Lewis, remarking, “Like the court in Lewis, ‘[w]e decline to hold that Osborne has entered the “twilight zone” where dismissal of her complaint without prejudice after expiration of the limitation period of [the relevant statute] has the same effect as a dismissal on the merits, barring any further action with respect to the same claim.’ ” Osbome, 96 Ohio St.3d 368, 2002-Ohio-4846, 775 N.E.2d 483, ¶ 5, quoting Lewis, 21 Ohio St.3d at 4, 21 OBR 266, 487 N.E.2d 285.
{¶ 16} We fully agree with the court of appeals’ observation that “Osborne eviscerated the rationale underpinning Alakiotis and the appellate decisions relying on it. Although R.C. Chapter 4112 created a statutory cause of action and contained its own statute of limitations, the Supreme Court determined R.C. 2305.19 applied to actions brought under that chapter of the Revised Code. See Ruble v. Ream, Washington App. No. 03CA14, 2003-Ohio-5969 [2003 WL 22532858], ¶ 29 (stating that ‘[t]he underlying rationale of Osborne is that when a cause of action is a creature of statute and that statute contains a specific limitations period, the savings statute nevertheless applies’).” The court of appeals accurately determined that since the rationale of Alakiotis is no longer valid, the reasoning underlying Osborne is relevant to whether the saving statute pertains to will-contest actions.
{¶ 17} When this case is compared to Osborne, the similarities are apparent. As the court of appeals stated:
{¶ 18} “[T]he ability to bring a will contest action is no more or less a right created by statute than the ability to bring an age discrimination action. While the statutes governing will contests have been referred to as providing a right that previously had not existed, so, too, have provisions of R.C. Chapter 4112 been deemed to create rights.
*25 {¶ 19} “* * * While the remedial aspects of a cause of action for age discrimination are apparent, the remedial aspects of a will contest action are also evident, for it provides the sole remedy for an injustice created when a decedent is wrongly influenced to divert family treasures from their rightful beneficiary.”
{¶ 20} Consequently, we fully accept the court of appeals’ conclusion that this case at bottom is indistinguishable on its key points from this court’s holding in Osborne. As the court of appeals declared, “In the end, the parallels between this case and Osborne are compelling. Both the action in Osborne and the one plaintiff brought here legitimately may be characterized as creatures of statutes that create rights unknown in the common law. Both causes of action have been characterized as remedies or remedial. While the statute of limitations in the will contest is short, the statute of limitations in Lewis was even shorter, but that did not dissuade the court from applying the savings statute.”
{¶ 21} The court of appeals recognized that when a will contest is dismissed, the administration of the will continues. This factor distinguishes a will contest from an age-discrimination action, which is terminated if the complaint is dismissed. However, this distinction is not significant enough to remove this case from the ambit of Osborne’s analysis. As the court of appeals determined, “The issue before us [reduces] to whether application of the savings statute so adversely affects the administration of the estate that the legislature could not have intended to apply the savings statute to will contest actions. In the final analysis, the adverse effects are no greater than those inherent in the administration of an estate in the absence of the savings statute, and thus we conclude the savings statute applies to plaintiffs dismissal of her will contest action.”
{¶ 22} The court of appeals made several further observations to support its conclusion that we find apposite:
{¶ 23} “Without question, the statute of limitations for will contests[,] changed from four months to three months, is short. In the case of an expedited estate, however, the administration of the estate may be completed before the statute of limitations for a will contest has expired. A successful will contest, in such an instance, may require that, at least in part, the administration of the estate be undone, much as might occur if a refiled will contest complaint proved to be successful. Moreover, application of the savings statute to will contest actions does not slow the administration of the estate significantly more than does the right to appeal various rulings of the probate court during the administration of the estate. Indeed, because nothing requires that an estate be held open to determine if a dismissed will contest eventually will be refiled, the failure to refile before the administration of the estate is completed arguably may preclude further action and instead become part of the risk a will contestant takes in dismissing a will contest.
*26 {¶ 24} “* * *
{¶ 25} “Because the effect of the savings statute on the estate is not substantially greater than that posed by other applicable statutes and rules, the reasoning of the Supreme Court is appropriate. In both Reese and Lewis, the court noted that nothing in R.C. 2743.16 or 4123.519, respectively, prohibits refiling an action that was originally timely commenced. Moreover, as with the statute at issue in Lewis, the will contest statutes do not provide ‘any guidance for the situation in which a timely filed complaint has been dismissed without prejudice after the time for commencement set forth in that statute has expired. * * * R.C. 2305.19 “fills this void.” ’ Lewis [21 Ohio St.3d] at 4 [21 OBR 266], 487 N.E.2d 285, quoting Reese, [6 Ohio St.3d] at 163 [6 OBR 221], 451 N.E.2d 1196.
{¶ 26} “The savings statute ‘is neither a statute of limitations nor a tolling statute extending the statute of limitations. Instead, it is clear that R.C. 2305.19 has no application unless an action is timely commenced and is then dismissed without prejudice after the applicable statute of limitations has run.’ Lewis, [21 Ohio St.3d] at 4 [21 OBR 266], 487 N.E.2d 285. Because the facts before us fall within those parameters, we diverge from the other appellate districts on this issue, apply Osborne and, in the absence of any provision to the contrary in the will contest statutes, conclude the savings statute applies to plaintiffs will contest action.”
{¶ 27} We fully agree with the cogent analysis of the court of appeals that led it to disagree with the other districts on this issue, and we further emphasize several points. First, R.C. 2305.19 is a broad statute of general application and on its face applies to save the claim in this case. There is nothing within that statute that could even remotely be read to proscribe its application to will-contest actions.
{¶ 28} Second, there is no indication within R.C. 2107.76 that the saving statute does not apply to will-contest actions. Once a will-contest claim is validly filed within the applicable (now three-month) period, that statute has been satisfied on its face, and later developments are beyond the statute’s scope. Given the generality of R.C. 2305.19 and the inapplicability of R.C. 2107.76 once a will contest is properly commenced, we determine that normal principles of statutory construction require that R.C. 2305.19 should apply to will-contest actions. The features of this case do not compel us to deviate from those principles.
{¶ 29} Finally, adopting the approach advocated by defendants would require that we overrule Osborne and would also require that we either overrule or severely limit Reese and Lewis. Given all the reasons set forth above, we decline to repudiate those cases and instead reaffirm them. Plaintiff Allen’s voluntary dismissal without prejudice under Civ.R. 41(A)(1)(a) should not place her in the *27 “twilight zone” that bars any recovery, and R.C. 2305.19 operates to save her ability to pursue her claim. Osborne, 96 Ohio St.3d 368, 2002-Ohio-4846, 775 N.E.2d 483, ¶ 5.
{¶ 30} Based on all of the foregoing, we hold that R.C. 2305.19 applies to will-contest actions. The judgment of the court of appeals is affirmed.
Judgment affirmed.
Moyer, C.J., F.E. Sweeney, Pfeifer and O’Connor, JJ., concur.
Lundberg Stratton and O’Donnell, JJ., dissent.

. R.C. 2305.19 has been amended, effective June 2, 2004, with the quoted language changed and that portion of the statute now designated as R.C. 2305.19(A). See 2004 Am.Sub.H.B. No. 161. The revisions are not substantive for purposes of the issue in this case, and our decision also applies to the amended statute.

. R.C. 2107.76 was amended, effective October 31, 2001, to shorten the time to commence an action to contest the validity of a will from four months to three months after the filing of the certificate. See 2001 Sub.H.B. No. 85. Our holding in this case also applies to the amended statute.