VITANTONIO, INC., ET AL., APPELLEES, *v.* BAXTER, EXR., APPELLANT.

[Cite as *Vitantonio, Inc. v. Baxter,*
116 Ohio St.3d 195, 2007-Ohio-6052.]

(No. 2006–0952—Submitted May 22, 2007—Decided November 20, 2007.)

CUPP, J.

{¶ 1} In this appeal we are asked to determine whether the saving statute R.C. 2305.19 applies to actions filed against a decedent's estate under R.C. 2117.12. We hold that it does.

Facts and Procedural History

{¶ 2} Because this cause was dismissed by the trial court pursuant to Civ.R. 12(B)(6), we accept the material allegations of the complaint as true. The complaint alleges as follows: Decedent, William Vitantonio, was a minority shareholder in Vitantonio, Inc., and a majority shareholder in Wickliffe Floral, Inc. Appellees are the two corporations just named and shareholders Louis Vitantonio and Gloria Vitantonio.[1] Following William's death, appellees presented a claim against his estate. The executor of the estate, appellant Gary Baxter, rejected the claim on August 17, 2001. Thereafter, appellees commenced a timely action against the estate pursuant to R.C. 2117.12 on October 12, 2001. On June 26, 2003, appellees voluntarily dismissed that action without prejudice. On June 17, 2004, within one year of the date of the dismissal, appellees refiled the complaint pursuant to the saving statute R.C. 2305.19. Finding that the saving statute was inapplicable to claims against an estate, the trial court granted appellant's motion to dismiss the complaint as time-barred. The court of appeals reversed, holding that by extending the reasoning of this court's decision in *Allen v. McBride,* 105 Ohio St.3d 21, 2004–Ohio–7112, 821 N.E.2d 1001, the saving statute was applicable. The issue is now before this court pursuant to our acceptance of Baxter's discretionary appeal.

Analysis

{¶ 3} The narrow issue presented in this case is whether the saving statute R.C. 2305.19 applies to actions filed against an estate under R.C. 2117.12. R.C. 2117.12 requires that an action for a rejected claim such as appellees' be filed within two months after the executor's rejection or be forever barred. The initial complaint against the decedent's estate in this case was filed within the two-month period following appellant's rejection of the claim, so it was not time-barred. However, appellees later dismissed their action without prejudice after the two-month period had expired. Thus, the action could be refiled only if it fell within the operation of the saving statute.

{¶ 4} The relevant portion of the saving statute provides: "In any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits * * *." R.C. 2305.19(A).[2] "A voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a failure otherwise than upon the merits within the meaning of the

---

1. Louis Vitantonio is a shareholder in both corporations, and Gloria Vitantonio is a shareholder in Vitantonio, Inc., only.

2. The quoted language is from the statute as amended effective June 2, 2004. The revisions made by the amendment were not substantive for purposes of the issue in this case.

savings statute, R.C. 2305.19." *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 512 N.E.2d 337, paragraph two of the syllabus.

{¶ 5} Appellant contends that the unique statutory language contained in R.C. 2117.12, that the action is to be filed within two months or be "forever barred," indicates a public policy that favors treating actions against decedents' estates differently from other civil suits. Appellant contends that the language should be construed to prohibit application of the saving statute. While the language may be unusual, its inclusion in the statute does not preclude application of the saving statute. Clearly, R.C. 2117.12 required the action on the rejected claim against the estate to be filed within two months of the executor's rejection of the claim. Because the action in this case was filed within the requisite two-month period, the language "forever barred" is inapplicable to this case. Rather, the focus of our inquiry must be on the text of the saving statute.

{¶ 6} The trial court, in finding that the saving statute was inapplicable to claims under R.C. 2117.12, relied on decisions from two other appellate districts that held that the saving statute did not apply to will-contest actions. See *Barnes v. Anderson* (1984), 17 Ohio App.3d 142, 17 OBR 242, 478 N.E.2d 248, and *Cross v. Conley* (July 12, 2000), Highland App. No. 99CA5, 2000 WL 1010771. Just a few weeks after the trial court rendered its decision, however, this court decided *Allen v. McBride*, 105 Ohio St.3d 21, 2004–Ohio–7112, 821 N.E.2d 1001. In *Allen*, this court held that the saving statute applied to will-contest actions, id. at ¶ 16, and thus, the authorities upon which the trial court based its decision in this case are no longer good law. When this case was then considered by the court of appeals, that court applied the *Allen* rationale, held that it was similarly applicable to claims under R.C. 2117.12, and reversed the trial court's decision. The court of appeals was correct in its conclusion that the rationale in *Allen* is instructive in this case.

{¶ 7} In *Allen*, this court noted that "R.C. 2305.19 is a broad statute of general application" and that "[t]here is nothing within that statute that could even remotely be read to proscribe its application to will-contest actions." Id., 105 Ohio St.3d 21, 2004–Ohio–7112, 821 N.E.2d 1001, ¶ 27. The same can be said with respect to the statute at issue here because the saving statute does not reflect any limitation on its applicability to R.C. 2117.12. Therefore, once a claim against an estate is timely filed pursuant to R.C. 2117.12, normal principles of statutory construction require that the saving statute applies. Accord, *Allen* at ¶ 28.

{¶ 8} The dissent in *Allen* opined that the General Assembly would act to specifically exclude will-contest actions from the saving statute. Id., 105 Ohio St.3d 21, 2004–Ohio–7112, 821 N.E.2d 1001, ¶ 44 (O'Donnell, J., dissenting). Indeed, the legislature did so act, and R.C. 2107.76 now explicitly states that R.C.

2305.19 does not apply to actions under R.C. 2107.71. See R.C. 2107.76(B); 2006 Sub.H.B. No. 144. Appellant urges this court to conclude that because the General Assembly so responded, the rationale of *Allen* has been undermined and should not be relied upon in considering whether the saving statute applies to claims against a decedent's estate. More specifically, appellant argues that the legislature's response is further evidence of a public policy in favor of the speedy resolution of estate matters, and, thus, the court should not hold that the saving statute applies here. However, the General Assembly's response to *Allen* did not go beyond amending R.C. 2107.76, and there is no uncodified law to suggest a legislative intent for broader application.

## Conclusion

{¶ 9} As this court stated in *Allen*, R.C. 2305.19 is a "broad statute of general application," and as we stated in *Allen* with regard to will-contest actions, "[t]here is nothing within that statute that could even remotely be read to proscribe its application" to claims brought under R.C. 2117.12. Id. at ¶ 27. Thus, we conclude that the saving statute R.C. 2305.19 applies to actions filed against a decedent's estate under R.C. 2117.12. Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., and PFEIFER, O'CONNOR, and LANZINGER, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

---

**O'DONNELL, J., dissenting.**

{¶ 10} Respectfully, I dissent. In my view, the majority narrowly focuses on the application of the saving statute and misses the broad impact of today's decision on the administration of decedents' estates in Ohio.

{¶ 11} This court has long recognized that the purpose of the statutory time limits for the presentment of claims against an estate to the executor is to foster the expeditious and efficient administration of the estate. See, e.g., *Fortelka v. Meifert* (1964), 176 Ohio St. 476, 479, 27 O.O.2d 439, 200 N.E.2d 318, citing *Cheeseman v. Kyle* (1864), 15 Ohio St. 15; *Gerhold v. Papathanasion* (1936), 130 Ohio St. 342, 4 O.O. 425, 199 N.E. 353.

{¶ 12} Numerous provisions of the probate code reflect the legislative desire for the swift administration of claims filed against an estate. R.C. 2117.06 requires a claimant to present a claim against an estate within six months after the decedent's death. R.C. 2117.07 provides that an executor may further accelerate the bar against claims. Pursuant to R.C. 2117.06(D), when a claimant

presents a claim against an estate, the executor has 30 days to either accept or reject it. And R.C. 2117.12 requires a claimant whose claim is rejected to "commence an action on the claim * * * within two months after the rejection * * * or be forever barred from maintaining an action on the claim * * * that was rejected." Moreover, after this court ruled that the saving statute applied to will-contest actions in *Allen v. McBride*, 105 Ohio St.3d 21, 2004–Ohio–7112, 821 N.E.2d 1001, the General Assembly amended R.C. 2107.76, adding division (B) to provide that the saving statute does not apply to R.C. 2107.71 actions to contest the validity of a will. 2006 Sub.H.B. No. 144.

{¶ 13} The majority's decision in this case does not further the legislature's goal of expedient administration of estates, nor does it foster the finality of administration. As I noted in my dissent in *Allen*, the majority's holding "could result in litigation to recover estate assets that had been distributed by administrators, executors, or probate courts or could lead to long delays in the ability to transfer real estate or bank accounts due to potential liability or future claims, * * * all contrary to the legislative intent * * *." *Allen* at ¶ 43.

{¶ 14} The central matter presented here is one of statutory interpretation. Our role is to interpret these statutes to discern legislative intent and to give meaning to the words used by the General Assembly. The exceedingly short statute of limitations period for the presentment of a claim against an estate, the short time the statute gives an executor to act upon such a claim, and the "forever barred" language contained in R.C. 2117.12 demonstrate the legislature's intent that these matters be resolved with finality in a relatively short period of time. Thus, applying the one-year saving statute in the context of this legislative scheme is incongruent because it delays the administration of estates. As a consequence of today's decision by the majority, the legislature will likely amend these code sections and negate the effects of this hypertechnical reading of the statute.

{¶ 15} For these reasons, I respectfully dissent from the majority's determination that the saving statute R.C. 2305.19 applies to R.C. 2117.12 claims against a decedent's estate.

LUNDBERG STRATTON, J., concurs in the foregoing opinion.

———

Monroe, Zucco & Weilbacher and George C. Zucco; and Richard D. DiCicco, for appellees.

Karberg, Kurant & Wachter Co., L.P.A., Mark I. Wachter, and Jack Kurant, for appellant.