OPINION *Page 2 
{¶ 1} Plaintiff Randy J. Eppley, individually and as the Administrator for the Estate of Joshua M. Eppley, deceased, appeals a judgment of the Court of Common Pleas of Muskingum County, Ohio, which dismissed his complaint pursuant to Civ. R. 12. Appellees are the Tri-Valley Local School District, Tri-Valley Local School Board, and John Does one through five. Appellant assigns four errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED WHEN IT GRANTED JUDGMENT ON THE PLEADINGS BECAUSE THE SAVINGS PROVISIONS OF OHIO REVISED CODE SECTION2305.19 APPLY TO ALL CAUSES OF ACTION FILED IN OHIO COURTS.
 {¶ 3} "II. THE TRIAL COURT ERRED WHEN IT GRANTED JUDGMENT ON THE PLEADINGS BECAUSE IT FAILED TO LIMIT THE EFFECT OF OHIO REVISED CODE SECTION 2125.04 TO THE SUBSTANTIVE REVISIONS CONTAINED IN THE 2004 AMENDMENT SO AS TO AVOID A CONSTITUTIONAL ISSUE.
 {¶ 4} "III. THE TRIAL COURT ERRED IN GRANTING JUDGMENT ON THE PLEADINGS BECAUSE THE SAVINGS PROVISION OF R.C. 2125.04 CREATES A CONSTITUTIONALLY IMPERMISSIBLE DISTINCTION BETWEEN CLASSES OF PLAINTIFFS AND MUST BE STRICKEN ON EQUAL PROTECTION GROUNDS.
 {¶ 5} "IV. THE TRIAL COURT ERRED WHEN IT GRANTED JUDGMENT ON THE PLEADINGS ON THE BASIS OF STATUTORY IMMUNITY BECAUSE THE RECORD IN INCOMPLETE."
 {¶ 6} On August 3, 2005, appellant filed a complaint for wrongful death against appellees. Appellant dismissed the case without prejudice pursuant to Civ. R. 41 on *Page 3 
September 15, 2005. Thereafter, appellant re-filed his complaint on September 7, 2006.
 {¶ 7} Appellant's re-filed complaint alleges on or about November 26, 2003, decedent Joshua M. Eppley was in the care of Tri-County Local School District when its employees recklessly, wantonly, and willfully engaged in conduct which caused harm to decedent. Appellant alleged the employees, John Does one through five, allowed Corey W. Jenkins to remove decedent from the premises without authority from decedent's parents. Subsequently, while decedent was with him, Corey W. Jenkins crashed his vehicle, killing the decedent. The re-filed complaint alleges but for the willful, wanton and reckless conduct and breach of duty of the appellants, decedent would not have been in the company of Corey W. Jenkins, and would not have been involved in the accident. Appellant's re-filed complaint alleges as a direct and proximate cause of appellees' negligence, the decedent suffered great pain and suffering of body and mind, loss of the enjoyment of life, mental anguish, and died.
 {¶ 8} On September 25, 2006, appellees filed their answer to the complaint. The answer contained a general denial or denial for want of sufficient knowledge except that appellees admitted Joshua is deceased.
 {¶ 9} The answer also raises fourteen affirmative defenses, including: statute of limitations; failure to state a claim upon which relief may be granted; failure to name indispensable parties; assumption of the risk; contributory negligence; statutory immunity pursuant to R.C. Chapter 2744; all the immunities and defenses available under R.C. Chapter 2744; insufficiency of process and service of process; lack of subject matter jurisdiction and personal jurisdiction; failure of commencement; plaintiff's *Page 4 
inability to sue on behalf of the estate; plaintiffs inability to sue in an individual capacity; and right to set off. Appellees' eighth affirmative defense states "Defendants state that Tri-Valley Local School District an entity susceptible to suit." Appellees' motion for a judgment on the pleadings argues Tri-Valley School District is not sui juris, which is apparently what their eighth affirmative defense was intended to raise.
 {¶ 10} Appellees' motion for judgment on the pleadings argued the statute of limitations had run on appellant's complaint before he re-filed the lawsuit. The motion also argued Tri-Valley is immune from liability. Additionally, the motion for judgment on the pleadings argued appellant cannot bring the action in his individual capacity, but only in his representative capacity on behalf of the estate.
 {¶ 11} Appellant's response to the motion for judgment on the pleadings argued the general savings statute, R.C. 2305.19 applies to this action, not R.C. 2125.04, the wrongful death savings statute. In the alternative, appellant argued to enforce R.C. 2125.04 violates the appellant's right to equal protection as guaranteed by the Fourteen Amendment to the United States Constitution and the Ohio State Constitution. Appellant's response to the motion for judgment on the pleadings also argued appellees' claim of statutory immunity is premature because the record is incomplete.
 {¶ 12} The trial court dismissed the complaint with prejudice pursuant to Civ. R. 12, but did not make any finding regarding whether its judgment is based on the running of the statute of limitations, or statutory immunity grounds.
 {¶ 13} COMPARISON OF THE TWO STATUTES
 {¶ 14} R.C. 2305.19 provides: "(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff *Page 5 
fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant."
 {¶ 15} R.C.2125.04 provides: "In every civil action for wrongful death commenced or attempted to be commenced within the time specified by division (D)(1) or (D)(2)(c), (d), (e), (f), or (g) of section 2125.02
of the Revised Code, if a judgment for the plaintiff is reversed or the plaintiff fails otherwise than upon the merits and if the time limited by any of those divisions for the commencement of the action has expired at the date of the reversal or failure, the plaintiff or, if the plaintiff dies and the cause of action survives, the personal representative of the plaintiff may commence a new civil action for wrongful death within one year after that date."
 {¶ 16} Prior to 2000, R.C. 2305.19, the general savings statute was similar to R.C. 2125.04, the wrongful death savings statute. It granted a plaintiff an additional year in which to re-file an action dismissed without prejudice, only if the dismissal occurred after the original statute of limitations had run. Known to the bar as the "malpractice trap", the effect of the statute was that a plaintiff whose case was dismissed without prejudice prior to the running of the original statute of limitations had to re-file the action before the applicable statute of limitations had run, regardless of how much time was left. This version of R.C.2305.19 was challenged on equal protection grounds, but courts generally found there was a rational basis underlying the savings statute's *Page 6 
requirement that the original dismissal occur after the limitations period had run in order to take advantage of the one year extension of time. In Boron v. Brooks Beverage Management Company, Inc. (June 30, 1999), Franklin App. No. 98AP-902, for example, the Twelfth District Court of Appeals found the distinction between plaintiffs whose cases are dismissed before the statute of limitations ran and those whose cases are dismissed after is not arbitrary nor capricious, because it merely distinguishes between those whose actions need saving and those who do not, and because the statute encourages litigants to re-file within the original statute of limitations if possible. The Ohio Supreme Court ultimately dismissed the Boron case sua sponte, citing no substantial constitutional question, Boron v. Brooks BeverageManagement, Inc. (1999), 87 Ohio St. 3d 1440, 719 N.E. 2d 4.
 {¶ 17} In 2004, the general savings statute was amended to its present language, which closed the "malpractice trap" and permits a plaintiff to re-file the action within a year after dismissal, or the time left under the statute of limitations, whichever is longer. Thus, the general saving statute no longer distinguishes between cases dismissed before the statute of limitations has run and those dismissed after.
 {¶ 18} Although it subsequently amended the wrongful death savings statue, the Legislature did not close the "malpractice trap" in wrongful death actions.
 {¶ 19} STANDARD OF REVIEW
 {¶ 20} We review a decision made pursuant to Civ. R. 12 de novo,Greely v. Miami Valley Maintenance Construction, Inc. (1990),49 Ohio St. 3d 228, 551 N.E. 2d 981. A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ. R. 12 (B)(6) is procedural, and tests the sufficiency of the complaint, *Page 7 State ex rel. Hanson v. Guernsey County Board of Commissioners,65 Ohio St. 3d 545, 1992-Ohio-73, 605 N.E. 2d 378. In conducting a de novo analysis, this court must assume all factual allegations in the complaint are true and we must draw all reasonable inferences in favor of the non-moving party, Byrd v. Faber (1991), 57 Ohio St. 3d 56,565 N.E. 2d 584.
 I. {¶ 21} In its first assignment of error, appellant argues the trial court erred in granting judgment on the pleadings because the savings provisions of R.C. 2305.19 applies to all causes of action. Appellant is correct in stating the statute does contain the language "any action that is commenced or attempted to be commenced", and does not provide any exceptions. However, while R.C. 2305.19 is a general statute, R.C.2125.04 is a specific statute applicable expressly only to wrongful death claims. Appellees argue a specific statute takes precedence over a general statute, citing State v. Volpe (1988), 38 Ohio St. 3d 191,527 N.E. 2d 818, and R.C. 1.51. Appellees also direct our attention to R.C.1.52, which provides a statute enacted later prevails over an earlier one. R.C. 2125.04 was effective April 7, 2005, later than the amended version of R.C. 2305.19, which was effective May 31, 2004.
 {¶ 22} We find although R.C.2305.19 provides it applies to all actions, R.C.2125.04, the specific statute, controls over actions for wrongful death. Accordingly, the first assignment of error is overruled.
 II. {¶ 23} In the second assignment of error appellant argues the trial court should not have granted judgment on the pleadings because in so doing it created a conflict of *Page 8 
constitutional magnitude between the two savings statutes. Appellant argues the difference in the two statutes may be attributable to a scrivener's error or inadvertent oversight, because the purpose in amending the wrongful death statues in 2005 was to modify the list of persons for whom compensatory damages may be awarded. Appellant argues the General Assembly may have overlooked the "malpractice trap" in R.C.2125.04, and intended to amend the statute to mirror R.C. 2305.19,
 {¶ 24} In construing a statute, this court's paramount concern must be to enforce the legislative intent underlying the statute, State v. S.R. (1992), 63 Ohio St. 3d 590, 594, 589 N.E. 2d 1319. A cardinal rule of construction requires us to look first to the language of the statute itself to determine the legislative intent, Shover v. Cordis (1991),61 Ohio St. 3d 213, 218, 574 N.E. 2d 457. Words and phrases in the statute must be read in context and construed according to rules of grammar and common usage, Independent Insurance Agents of Ohio, Inc. v. Fabe (1992),63 Ohio St. 3d 310, 314, 587 N.E. 2d 814; and R.C. 1.42. We may not ignore plain and unambiguous language in a statue, but must give effect to the words the legislature chose, State ex rel. Fenley v. OhioHistorical Society (1992), 64 Ohio St. 3d 509, 511, 597 N.E. 2d 120. We may not delete or insert words, Cline v. Bureau of Motor Vehicles
(1991), 61 Ohio St. 3d 93, 97, 573 N.E. 2d 77.
 {¶ 25} This court will not assume the Legislature intended for R.C.2125.04 to be read other than as it is written, and we will not revise it to mirror the general savings statute. The second assignment of error is overruled. *Page 9 
 III. {¶ 26} In his third assignment of error, appellant argues R.C. 2125.04
creates a constitutionally impermissible distinction between classes of plaintiffs and must be stricken on equal protection grounds.
 {¶ 27} The equal protection clause of the Fourteenth Amendment requires a state to govern impartially, New York Transit Authority v.Beazer (1979), 440 U.S. 568, 99 S.Ct. 1355. The equal protection clause requires all persons in similar circumstances to be treated alike,Plyler v. Doe (1982), 457 U.S. 202, 102 S.Ct. 2382. An analysis pursuant to the equal protection clause is necessary when a state adopts a rule that has a special impact on fewer than all persons in its jurisdiction,Beazer at 587-588.
 {¶ 28} As appellant correctly sets forth, the U.S. Supreme Court has fashioned three levels of scrutiny: strict, intermediate, and rational basis. Laws are subject to strict scrutiny when they discriminate against certain suspect classes, Grutter v. Bollinger (2003),539 U.S. 306, 326, 123 S. Ct. 2325. Courts also apply the strict scrutiny review if a law abridges the exercise of fundamental rights, Reynolds v.Sims (1964), 377 U.S. 533, 562, 84 Sup. Ct. 1362.
 {¶ 29} Courts have defined fundamental rights as those enumerated in the Bill of Rights, or identified as fundamental rights by the United States Supreme Court, Washington v. Glucksberg (1997), 521 U.S. 702,721, 117 S. Ct. 2258.
 {¶ 30} Courts apply the intermediate scrutiny standard when laws discriminate based on certain other suspect classifications, as determined by the United States Supreme Court, Mississippi UniversityFor Women v. Hogan (1982), 458 U.S. 718, 723, 102 S. Ct. 3331. *Page 10 
 {¶ 31} All other laws are subject to review under the rational basis test. A law will survive the rational basis test so long as it bears a rational relation to some legitimate state interest, Roamer v.Evans (1996), 517 U.S. 620, 631, 116 Sup. Ct. 1620.
 {¶ 32} Appellant argues the right of parents to recover for the wrongful death of the child is a fundamental right, because it is based the fundamental right of parents to enjoy a loving relationship with their child. While we recognize the right to parent one's children is a fundamental right, see Troxel v. Granville (2000), 530 U.S. 57, 66,120 S.Ct. 2054, the right to pursue a wrongful death action is not a fundamental right, and is not among the rights found in our nation's history and traditions, see Moore v. City of East Cleveland (1977),431 U.S. 494, 97 S. Ct. 1932.
 {¶ 33} In the alternative, appellant argues R.C.2125.04 cannot withstand even the rational basis test. The statute creates a distinction between wrongful death plaintiffs who voluntarily dismiss their claim prior to the lapse of the statute of limitations as opposed to any other plaintiff who voluntarily dismisses his or her claim prior to the lapse of the applicable statute of limitations. Thus, our inquiry must be whether wrongful death actions are different from all other actions, and if so, whether treating a wrongful death action differently is rationally related to a legitimate state interest.
 {¶ 34} Appellees list a number of ways in which wrongful death actions are unique. First, the statute of limitations in a wrongful death action is not a statute of repose, but rather is an element of the action itself, Fish v. Ohio Casualty Insurance Company, Stark App. No. 2003CA00030, 2003-Ohio-4380, at paragraph 30, citing Sabol v. Pekoc
(1947), 148 Ohio St. 545, 76 N.E. 2d 84. However, this distinction does not explain why a plaintiff who dismisses his action prior to the running of the statute of *Page 11 
limitations should not have one year to re-file, while a plaintiff who dismisses an identical action after the running of the statute of limitations is "saved" by the statute.
 {¶ 35} Appellees argue a wrongful death claim is a statutory claim, unlike most claims for personal injury, which are based on common law. However, the Ohio Supreme Court has applied R.C.2305.19 to statutory claims such as will contest actions, see Allen v. McBride,105 Ohio St. 3d 21, 2004-Ohio-7112, 821 N.E. 2d 1001 and Vitantonio, Inc. v.Baxter, slip opinion 2007-Ohio-6052. R.C. 2305.19 is applicable to suits against the State in the Court of Claims, Reese v. Ohio State UniversityHospital (1983), 6 Ohio St. 3d 162, 451 N.E. 2d 1196. The Supreme Court made R.C. 2305.19 applicable to Workers' Compensation cases in Lewis v.Connor (1985), 21 Ohio St. 3d 1, 487 N.E. 2d 285. R.C. 2305.19 applies to age discrimination actions, see Osborne v. AK Steel/Armco SteelCompany, 96 Ohio St. 3d 368, 2002-Ohio-4846, 775 N.E. 2d 483.
 {¶ 36} Appellees also argue personal injury claims are direct claims, while wrongful death claims are derivative in nature, and are brought by the decedent's estate's representative on behalf of the next of kin as defined by the statute. Additionally, the Ohio Constitution provides damages recoverable in wrongful death claims cannot be limited by law, although damages for personal injury can and have been limited. Again, while appellees' arguments are correct, appellees do not take the final step of the analysis and explain what rational relationship to a legitimate state interest exists because of the disparate treatment of wrongful death plaintiffs from other plaintiffs, and the disparate treatment of wrongful death plaintiffs who dismiss their cases too early from those who wait until after the statue of limitations has run. *Page 12 
 {¶ 37} Finally, appellees argue R.C. 2125.04 was enacted to further the State's rational and legitimate interest in insuring Ohio has a fair, predicable system of civil justice, preserving the rights of those who have been harmed by negligent behavior while curbing frivolous lawsuits. Certainly this is a legitimate state interest, but appellees have not demonstrated how this interest is rationally related to treating wrongful death claimants differently than other plaintiffs. To close the malpractice gap in wrongful death actions would not impair a fair and predictable system of civil justice preserving the rights of those who have been harmed by negligent behavior while curbing frivolous lawsuits. Preserving our justice system has not required any other claim be subject to the malpractice gap.
 {¶ 38} We find there is no legitimate state interest to which the distinctions in the wrongful death statute are rationally related. Accordingly, we find the statute is unconstitutional as applied to appellant's action.
 {¶ 39} The third assignment of error is sustained.
 IV. {¶ 40} In his fourth assignment of error, appellant argues the issue of statutory immunity has not been fully developed on the record, and thus, the court had no basis to dismiss his action.
 {¶ 41} R.C. 2744.02(A)(1) provides:
 {¶ 42} "For the purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions. Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act *Page 13 
or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
 {¶ 43} In the majority of cases, the broad immunity of R.C. Chapter 2744 provides a complete defense to a negligence cause of action,Turner v. Central Local School Dist., 85 Ohio St.3d 95, 98,706 N.E.2d 1261, 1999-Ohio-207; However, "[t]he immunity afforded a political subdivision in R.C. 2744.02(A)(1) is not absolute." Cater v.Cleveland, 83 Ohio St.3d 24, 28, 697 N.E.2d 610, 1998-Ohio-421, citingHill v. Urbana, 79 Ohio St.3d 130, 679 N.E.2d 1109, 1997-Ohio-400.
 {¶ 44} The statute and the Ohio Supreme Court set forth a three-tiered analysis to determine whether a political subdivision is immune from tort liability: The first tier is to establish immunity under R.C.2744.02(A)(1); the second tier is to analyze whether any of the exceptions to immunity under R.C. 2744.02(B) apply; if so, then under the third tier, the political subdivision has the burden of showing that one of the defenses of R.C. 2744.03 applies. If it establishes one of the defenses, then immunity is reinstated. Cater, 83 Ohio St.3d at 28,697 N.E.2d 610; Hubbard v. Canton City School Bd. of Education.,97 Ohio St.3d 451, 780 N.E.2d 543, 2002-Ohio-6718, paragraphs 11-12.
 {¶ 45} For the purposes of the immunity statute, the Board qualifies for general immunity since a public school district is a "political subdivision" pursuant to R.C. 2744.01(F), and providing a system of public education is considered a "governmental function" under 2744.01(C)(2)(c). Appellees meet the first prong of the Cater test.
 {¶ 46} Next we must determine whether any of the exceptions under R.C.2744.02(B) apply. R.C. 2744.02 removes the general statutory presumption of immunity for political subdivisions only under the following express conditions: (1) the negligent *Page 14 
operation of a motor vehicle by an employee, R.C. 2744.02(B)(1); (2) the negligent performance of proprietary functions, R.C. 2744.02(B)(2); (3) the negligent failure to keep public roads open and in repair, R.C. 2744 .02(B)(3); (4) the negligence of employees occurring within or on the grounds of certain buildings used in connection with the performance of governmental functions, R.C. 2744.02(B)(4); (5) express imposition of liability by statute, R.C. 2744.02(B)(5). Sabulsky, 2002-Ohio-7275, at paragraph 13, citation deleted.
 {¶ 47} Pursuant to R.C. 2744.03 (A)(6), an employee of a political subdivision is immune from liability unless (1) the employee's acts or omissions were manifestly outside the scope of the employment or official responsibilities, (2) the employee's acts or omissions were with a malicious purpose, and in bad faith, or in a wanton or reckless manner; or (3) when the Revised Code expressly imposes civil liability.
 {¶ 48} Appellees argue Joshua's death was caused by the negligent operation of a motor vehicle, but the operator of the motor vehicle was not one of the Board's employees. The Board did not own the road on which the accident occurred, and the accident did not occur on school grounds. Decedent's death was not caused by a defect on or within the grounds or buildings used by the Board.
 {¶ 49} Appellant's complaint alleges the employees of Tri-County Local School District acted recklessly, wantonly or willfully when they allowed an unauthorized person to remove decedent from school premises. We find construing the allegations of the complaint to be true, appellant could prove a set of facts entitling him to recover, but only as to the Board and the John Does. Tri-Valley Local School District is not sui juris. We further find appellees are correct in that appellant can only prosecute the claim for *Page 15 
wrongful death as the personal representative of the decedent, and not on his individual capacity.
 {¶ 50} The fourth assignment of error is sustained.
 {¶ 51} For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion.
 By Gwin, P.J., Hoffman, J., and Delaney, J., concur *Page 16 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellees. *Page 1