[Cite as *In re Britt*, 2017-Ohio-8026.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF WILLIAM E. BRITT, CHRISTINE LERUSSI, ET AL., | ) ) ) | |
| | ) | CASE NO. 16 CO 0022 |
| PLAINTIFFS-APPELLANTS. | ) | |
| | ) | OPINION |
| V. | ) ) | |
| BEVERLY R. BRITT, ET AL., | ) ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from Court of Common Pleas, Probate Division of Columbiana County, Ohio
Case No. 2012 ES 00199

JUDGMENT: Reversed and Remanded in part
Affirmed in part

APPEARANCES:
For Plaintiffs-Appellants

Attorney Charles Payne
617 St. Clair Avenue
P.O. Box 114
East Liverpool, Ohio 43920

For Defendants-Appellees

Attorney Frederick Emmerling
114 West Sixth Street
P.O. Box 25
East Liverpool, Ohio 43920

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: September 26, 2017

DONOFRIO, J.

{¶1} Plaintiffs-appellants, Christine Lerussi, Cathleen Britt, Christopher Britt, and Shannon Britt, appeal from a Columbiana County Probate Court judgment ruling that their complaint to contest the Last Will and Testament of William E. Britt was barred for various reasons.

{¶2} William E. Britt died on June 3, 2012. He left his wife, defendant-appellee Beverly Britt. He also left seven children and numerous grandchildren. Beverly is not the mother of any of William's children. William's children include appellants Christine Lerussi, Cathleen Britt, and Christopher Britt. Appellant Shannon Britt is William's grandchild. Shannon is the daughter of William's son Patrick, who died shortly after William.

{¶3} On August 23, 2012, the probate court admitted William's will to probate and granted Beverly's application for authority to administer the estate, naming her the executrix of William's estate. She is now a party to this appeal in her personal capacity and also as the executrix of William's estate.

{¶4} On November 8, 2012, Christine and Cathleen filed a will contest complaint (first will contest) naming Beverly, Beverly's children, and the Britt descendants as defendants. They alleged that William's will, which the court admitted into probate, was not actually his will because at the time the instrument was purportedly executed, William lacked testamentary capacity.

{¶5} On February 26, 2014, the trial court dismissed the first will contest. As its basis, the court cited the fact that service had not been perfected on at least three defendants, whom the court deemed to be necessary and indispensable parties. Additionally, the court stated that the defendants had filed a motion to dismiss asserting the plaintiffs had failed to provide discovery, failed to disclose witnesses, and failed to otherwise comply with the court's orders. The court concluded there had been a lapse of reasonable and due diligence in pursuit of the first will contest. Christine and Cathleen filed an appeal with this court. On appeal, we affirmed the trial court's judgment dismissing the will contest. See *In re Britt*, 7th Dist. No. 14 CO 20, 2015-Ohio-1605, appeal not allowed *In re Estate of Britt*, 143 Ohio St.3d 1544,

2015-Ohio-4633, 40 N.E.3d 1180.

**{¶6}** After the Ohio Supreme Court declined to accept the case for review, the probate court set the matter for a hearing regarding the inventory and appraisal to take place on January 6, 2016.

**{¶7}** But on January 4, 2016, appellants filed a new will contest complaint (second will contest). The complaint asserted that the will admitted to probate was not actually William's will because it was the result of undue influence by Beverly.

**{¶8}** Appellees subsequently filed a motion to dismiss the second will contest. They argued it was barred by the three-month statute of limitations. Appellees acknowledged appellants' argument that the statute of limitations did not bar this action because the fiduciary did not give them notice of the admission of the will to probate. But appellees argued appellants had actual notice of the application to probate the will. They pointed out that Christine attended a hearing on August 22, 2012, when the court admitted the will to probate. They further pointed out that Christine and Cathleen filed the first will contest on November 8, 2012. Additionally, they pointed out that Christopher was named as a defendant in the first will contest and did not file any claim at that time contesting the validity of the will. Finally, they argued Shannon was not a proper plaintiff to the action and had no standing because her father, Patrick, executed a waiver of notice as to the probate of William's will.

**{¶9}** The probate court held a hearing on the motion to dismiss. The court granted the motion and dismissed the second will contest. The court made findings as to its reasons for granting the dismissal as to each of the four appellants based on the case history. It granted the motion to dismiss as to Christine's, Cathleen's, and Christopher's claims based on an expired statute of limitations. It granted the motion to dismiss as to Shannon's claim based on a lack of standing.

**{¶10}** Appellants filed a timely notice of appeal on August 9, 2016. They now raise three assignments of error.

**{¶11}** Appellants' first assignment of error states:

THE COURT ERRED IN ITS RULING THAT THE WILL CONTEST CLAIMS OF CATHLEEN BRITT AND CHRISTINE LERUSSI WERE PROCEDURALLY BARRED AS BEING RES JUDICATA AND UNTIMELY FILED IN THAT THE DISMISSAL OF THE FIRST WILL CONTEST ACTION ON PROCEDURAL GROUNDS RATHER THAN ON THE MERITS RESULTED IN THE CLAIMS OF BOTH CATHLEEN BRITT AND CHRISTINE LERUSSI HAVING BEEN LITIGATED AND DETERMINED BY THE COURT AND THE APPEALS.

**{¶12}** As to Christine and Cathleen, the probate court noted that they were the plaintiffs in the first will contest filed November 8, 2012. It further noted that it dismissed the first will contest on February 26, 2014, due to their failure to serve necessary parties for more than 14 months after filing the complaint. The court noted that its judgment was affirmed by this court and the Ohio Supreme Court declined review. Therefore, the probate court found that Christine's and Cathleen's claims are now procedurally barred by the doctrine of res judicata and are otherwise untimely.

**{¶13}** The probate court went on to find that Christine and Cathleen both had notice of the application or admission of William's will as required by R.C. 2107.19. It points out that they both attended numerous hearings and prosecuted the first will contest. Thus, the court found Christine's and Cathleen's claims were without merit and procedurally barred.

**{¶14}** Appellants contend that Christine's and Cathleen's claims are not barred by res judicata because their prior claims were dismissed on procedural grounds rather than on the merits.

**{¶15}** The probate court dismissed the first will contest because Christine and Cathleen failed to commence the action by serving all necessary parties within the one-year time limit prescribed by Civ.R. 3(A). In a will contest, the failure to serve

one of the necessary parties constitutes a failure to commence the action within the prescribed time limit and results in a lack of jurisdiction. *Britt*, 2015-Ohio-1605, at ¶ 24 citing *Crosby-Edwards v. Morris*, 10th Dist. No. 09AP-152, 2009-Ohio-2994, ¶ 11, 14.

{¶16} In its judgment entry here, the probate court states that its dismissal of the first will contest "was on procedural grounds rather than on the merits." Yet it goes on to state that Christine's and Cathleen's claims "have been fully litigated and determined by this Court and their appeals denied." The probate court also states in its judgment entry that it dismissed the first will contest "with prejudice." Notably, however, the February 26, 2014 judgment entry dismissing the first will contest does not state that it is "with prejudice."

{¶17} Moreover, the probate court's dismissal of the first will contest appears to be otherwise than on the merits. Pursuant to Civ.R. 41(B)(4)(a), a dismissal for lack of jurisdiction over the person or the subject matter shall operate as a failure otherwise than on the merits. In other words, such a dismissal is without prejudice. *Triplett v. Beachwood Village, Inc.*, 158 Ohio App.3d 465, 2004-Ohio-4905, 816 N.E.2d 1092, ¶ 17. In the first will contest, the probate court did not have jurisdiction because several necessary parties were not joined and served. *Britt*, at ¶ 32.

{¶18} Contrary to the probate court's statements, Christine's and Cathleen's claims have never been litigated or determined by the probate. Their first will contest was dismissed on procedural grounds for their failure to perfect service on several necessary parties within a year of filing the complaint.

{¶19} According to the savings statute:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

R.C. 2305.19(A). The courts and the legislature have gone back and forth as to whether the savings statute can be applied in will contest actions. In *Allen v. McBride*, 105 Ohio St.3d 21, 2004-Ohio-7112, 821 N.E.2d 1001, at the syllabus, the Ohio Supreme Court held that the savings statute does apply to will contest actions. In response, on June 15, 2006, the Legislature amended R.C. 2107.76, adding a provision that R.C. 2305.19 does not apply to an action permitted by section R.C. 2107.71 to contest the validity of a will. See *Vitantonio, Inc. v. Baxter*, 116 Ohio St.3d 195, 2007-Ohio-6052, 877 N.E.2d 663, ¶ 8. But then on March 24, 2010, the Legislature again amended R.C. 2107.76, this time removing the provision it had previously added that R.C. 2305.19 does not apply to an action permitted by section R.C. 2107.71 to contest the validity of a will. Thus, at this time, the savings statute applies to will contest actions.

{¶20} The Ohio Supreme Court declined to exercise jurisdiction over the case involving the first will contest on November 10, 2015. Appellants filed the second will contest on January 4, 2016, less than two months later. Thus, the savings statute applies here to permit Christine and Cathleen to file the second will contest.

{¶21} Accordingly, appellants' first assignment of error has merit and is sustained.

{¶22} Appellants' second assignment of error states:

THE COURT ERRED BY FINDING THAT CHRISTOPHER BRITT RECEIVED A COPY OF THE ORDER ADMITTING THE WILL TO PROBATE AND ITS FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND NOT PROVEN IN THE RECORD.

{¶23} As to Christopher, the probate court found that he was a defendant in the first will contest. It found that Christopher was properly served with notice of the application to admit William's will to probate. The court stated that it served Christopher with a copy of the order admitting the will to probate. Christopher did not file an answer or responsive pleading to the first will contest nor did he file a will

contest until January 4, 2016, more than 40 months after William's will was admitted to probate. This was despite the fact that he was aware of the filing of the will and the fact that he attended three hearings on the first will contest.

**{¶24}** Consequently, the probate court found that Christopher's claim was time barred pursuant to R.C. 2107.76 for his failure to file a will contest within three months of his notice of the application to probate the will.

**{¶25}** Here appellants argue Christopher's right to file a will contest is not controlled by the three-month statute of limitations because the notice was not served on him. Appellants point out that the August 23, 2012 judgment entry admitting the will to probate indicates only that copies were served on the estate counsel, Christine's counsel, Beverly, and Christine. They claim there is no indication in the record that Christopher was ever served with notice that the will was admitted to probate.

**{¶26}** R.C. 2107.19(A)(1) provides that when a will has been admitted to probate, the fiduciary for the estate or another specified person shall, within two weeks of the admission of the will to probate, give notice to the surviving spouse of the testator, to all persons who would be entitled to inherit from the testator if the testator had died intestate, and to all legatees and devisees named in the will.

**{¶27}** Once notice has been given in accordance with R.C. 2107.19(A)(1), the fiduciary is to file a certificate with the probate court. R.C. 2107.19(A)(3). The fiduciary is to file the certificate within two months after his or her appointment. R.C. 2107.19(A)(4).

**{¶28}** A person wishing to file a will contest must do so within three months after the filing of the certificate referenced in R.C. 2107.19. R.C. 2107.76. Appellants argue that because appellees failed to give Christopher notice or to file the certificate, Christopher's time to file a will contest was indefinite. This argument is flawed.

**{¶29}** The purpose of the above statutes is to provide notice of the filing of the will to any potentially interested parties. There is no question here that Christopher

was notified of the filing of the will. At the very latest, Christopher received notice when his sisters named him as defendant in the first will contest in November 2012. Christopher admitted he received the court summons on the first will contest in November 2012. (Tr. 10-11). Moreover, he appeared at the January 2013 hearing on the matter. (Tr. 14). And he admitted that despite his knowledge of his father's will and the litigation surrounding it, he waited almost three-and-a-half years to bring his action (the second will contest). (Tr. 15-16).

{¶30} Based on the above, the probate court properly found that Christopher's claim was time barred pursuant to R.C. 2107.76 for his failure to file a will contest within three months of his notice of the application to probate the will.

{¶31} Accordingly, appellants' second assignment of error is without merit and is overruled.

{¶32} Appellants' third assignment of error states:

THE COURT ERRED IN FINDING THAT THE PLAINTIFF'S WILL CONTEST CLAIMS IN THE SECOND WILL CONTEST ACTION ARE BARRED BY SECTION 2107.76 OF THE OHIO REVISED CODE ESPECIALLY AS TO CHRISTINE LERUSSI AND CHRISTOPHER BRITT.

{¶33} In their final assignment of error, appellants assert the statute of limitations is tolled and does not begin to run until the certificate described in R.C. 2107.19(A)(3) is filed. Appellants claim the certificate was never filed in this case and, therefore, their claims are not time-barred.

{¶34} Contained in the record is a "CERTIFICATE OF SERVICE OF NOTICE OF PROBATE OF WILL [R.C. 2107.19(A)(3)]." It was filed on August 10, 2012. Thus, appellants' argument here is in error.

{¶35} Accordingly, appellants' third assignment of error is without merit and is overruled.

{¶36} For the reasons stated above, the trial court's judgment is hereby

reversed and remanded as to appellants Christine Lerussi and Cathleen Britt. The judgment is affirmed as to appellants Christopher Britt and Shannon Britt.

DeGenaro, J., concurs.

Robb, P.J., concurs.